## Ex parte OWEN.

No. 19256. Opinion Filed March 25, 1930.

Rehearing Denied April 15, 1930.

Amil H. Japp, Law Woodliff, and J. T. Johnson, for petitioner.

M. B. Cope and Erman S. Price, for respondent, State of Oklahoma.

SWINDALL, J. This is an original proceeding in this court for a writ of habeas corpus. The petitioner was informed against by the county attorney of Seminole county, Okla., on the 8th day of October, 1926, the information charging the petitioner with the crime of embezzlement as defined under the banking laws of the state of Oklahoma, and charging that the petitioner, R. E. Owen, was, at the time of said embezzlement, a director and cashier of the Seminole State Bank, a banking corporation, duly organized and existing under the laws of the state of Oklahoma, and then engaged in transacting a general banking business at Seminole in Seminole county, Okla.

Upon being arraigned to plead to said information, the petitioner entered a plea of not guilty.

On the 21st day of October, 1926, the

matter came on for hearing before the district court of Seminole county, and upon a trial of said cause, a jury was empaneled and sworn, and after hearing the evidence and being instructed by the court, the jury returned a verdict finding the petitioner guilty of the crime of embezzlement, and requesting the court to fix the punishment.

On the 22nd day of October, 1926, the petitioner was brought into court and sentenced by the presiding judge, and in conformity with the verdict of the jury, the court fixed the punishment of the petitioner at 25 years in the state penitentiary at McAlester, Okla., sentence to begin at and from the 22nd day of October, 1926, and that the petitioner pay a fine of $2,500.

Petitioner alleges that he was prosecuted under section 1 of chapter 135 of the Session Laws of 1923. It is the contention of the petitioner that section 12, c. 22, of the 1913 act of the Legislature, and all amendatory legislation affecting this section, is unconstitutional and void on the ground and for the reason that the 1913 act and the amendatory act of 1923 are in conflict with and in direct violation of article 5, section 57, of the Constitution of the state of Oklahoma, which provides as follows:

"Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title, except general appropriation bills, general revenue bills and bills adopting a code, digest or revision of statutes; and no law shall be revived, amended, or the provisions thereof extended or conferred by reference to its title only. * * *"

The only question for this court to determine is, whether or not the act under which the petitioner is being prosecuted is constitutional. If the section under which the petitioner was prosecuted is constitutional, then this court has nothing further to do in the premises, as the Criminal Court of Appeals of the state of Oklahoma, under section 3047, C. O. S. 1921, has exclusive appellate jurisdiction, coextensive with the limits of the state in all criminal cases appealed from the district, superior, and county courts, and such other courts of record as may be established by law. If the section is unconstitutional, it is our duty to so hold and discharge the petitioner.

In Hewitt v. State, 36 Okla. Cr. 157, 252 Pac. 1109, the Oklahoma Criminal Court of Appeals had under consideration section 15 of chapter 22 of the Session Laws of 1913, and that court, speaking through Judge Edwards, says:

"It is next argued that the section of the law under which defendant is prosecuted is unconstitutional as in violation of article 5, section 57. The banking act, creating a banking board, was enacted by chapter 6 of Laws 1907-08, and defines several crimes against the banking law. This act was carried forward in the Laws of 1910. In 1913, the Legislature enacted a law, chapter 22, under the title: 'An act amending sections 1, 2, and 3, of chapter 31 of the Session Laws of Oklahoma, 1911, and section 3 of article 2 of the Session Laws of Oklahoma, 1907-08; providing penalties for the violation of the banking laws of this state, and providing punishment therefor and declaring an emergency.'

"Under this title are several new sections defining crimes committed by officers and employees of banks, among them the section under which this prosecution is had. It is contended that the foregoing title does not express any subject relating to defining crimes or the punishment therefor, but refers merely to amending certain sections of the Law of 1911, and of the Law of 1907-08.

"It will be noted that said title is divided by a semicolon into two parts: The first part relating to the amendment of certain designated sections of the 1907-08 and 1911 banking laws of this state, and the latter portion providing penalties for the violation of the banking laws of this state and fixing the punishment therefor. It was this latter portion of said title which authorized the passage of section 15 of said chapter and to which said section was cognate. Chapter 22 of the Laws of 1913 was carried forward into the Compiled Statutes of 1921, and was amended in some particulars by chapter 135, Laws 1923. It is true that section 4126, Compiled Oklahoma Statutes 1921, relating to the making of a false report of said bank, was not directly repealed or referred to in said chapter 22; hence said section is still in force and effect except where the provisions thereof are repealed by necessary implication by chapter 135, Session Laws 1923. It may be that some portions of said section 15 were superseded by chapter 135, Session Laws 1923, but certainly there is a distinction between making a false report with intent to deceive any person and making a false entry in a report with intent to deceive the Bank Commissioner. The first section is far more inclusive in its nature than said second section, and hence could not be repealed by implication in its entirety. Said section 15 was incorporated as section 4181 in the Compiled Oklahoma Statutes of 1921, and was amended in 1923 by chapter 135; the title to said chapter referring directly to said section and amending the same. Hence, as section 3 of said chapter 135 amended section 4181, supra, which amendment was duly authorized by and was cognate to the title of said chapter 135, and as said sec-

tion 15 of the 1913 Laws, to wit, section 4181, supra, was authorized by and was cognate to the second portion of the title of chapter 22, supra, of the 1913 Laws, said section is not unconstitutional."

Upon habeas corpus, after a conviction had in a trial court, the inquiry is limited to the question of the jurisdiction of such court to try and determine the cause as presented to him.

If the statute upon which a judgment is based is valid, and the court has jurisdiction of the person and subject-matter, the writ should be denied. Ex parte Ambler, 11 Okla. Cr. 449, 148 Pac. 1061.

The action of the law-making power must in all cases be upheld, unless its action is manifestly in contravention of the Constitution. No slight difference of opinion will authorize the judiciary to set aside the action of the law-making power, or to nullify any act of the Legislature.

In order to correctly interpret that provision of section 57, art. 5, of the Constitution which provides that:

"Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title, except general appropriation bills, general revenue bills and bills adopting a code, digest, or revision of statutes; and no law shall be revived, amended, or the provisions thereof extended or conferred by reference to its title only; but so much thereof as is revived, amended, extended or conferred shall be re-enacted and published at length"

—its object must be taken into consideration; and the provision must not be construed or enforced in any narrow or technical spirit, but must be construed liberally on the one side, so as to guard against the abuse intended to be prevented by it and liberally on the other side, so as not to embarrass or obstruct needed Legislation. State of Kansas v. J. J. Barrett, 27 Kan. 213.

Under this clause of the Constitution, the title of a bill may be very general, and need not specify every clause in the statute, it being sufficient if they are all referable and cognate to the subject expressed; and when the subject is expressed in general terms, every thing which is necessary to make a complete enactment in regard to it, or which results as a complement of the thought contained in the general expression, is included in, and authorized by it. Ballentyne v. Wickersham, 75 Ala. 533.

It is not necessary for the title to an act of the Legislature to embrace an abstract of its contents. It is sufficient if the title contains a reasonable intimation of the matters under legislative consideration.

A title need not disclose the means and instrumentalities provided in the body of the act for accomplishing its purpose. Provisions reasonably necessary for attaining the object of the act expressed in the title are considered as included in the title. It is ordinarily not feasible, nor required, that the title to an act should set forth the nature and character of the penalties for which provision is made in the body of the act.

Punishment is so closely related to the general object of an act making anything criminal as to be clearly within its scope. Jackson v. State, 22 Okla. Cr. 338, 211 Pac. 1066.

The word "subject" has a large signification, often embracing different kinds, different classes, and various modes, all belonging to the general subject.

The exigencies of legislation require that this provision should not be so literally construed as to cripple the Legislature by prohibiting the insertion into laws of those matters which, though they may not be specifically expressed in the title, are proper to the full accomplishment of the object so expressed; such is presumed to have been the intention of its authors. Courts, therefore, give it a liberal construction. The insertion in a law of matters which may not be verbally indicated by the title, if suggested by it, or connected with, or proper to the more full accomplishment of the object so indicated, is held to be in accordance with its spirit; but a more liberal construction cannot be given without letting in the evils which the provision was intended to exclude. State ex rel. v. Kinsella, 14 Minn. 524.

So, in this case, the Legislature in enacting chapter 6, Session Laws of 1907-08, providing for establishing a general banking system in the state of Oklahoma, and adopted by chapter 6 into the Rev. Laws of Oklahoma 1910, and as amended in part by the Session Laws of 1913, and brought forward in the Compiled Statutes of Oklahoma 1921, and the amendment here under consideration being section 1 of chapter 135, Session Laws of 1923, indicate clearly that at all times the Legislature had in mind the establishing of a general banking system in the state of Oklahoma, and declaring certain violations thereof, by banking officials, to be crimes and providing punishment therefor, and we are of the opinion that the amendment of the section in the act of 1913, and the adding of new sections

prescribing punishment, were germane to the title of the amendatory act, and that section 1 of chapter 135, Session Laws of 1923, is included in the title of said act and is germane to the general subject expressed therein, and that the section of the act of the Legislature under which the petitioner was convicted is constitutional; that the writ of habeas corpus should be, and the same hereby is, denied.

MASON, C. J., and HUNT, CULLISON, and ANDREWS, JJ., concur. CLARK, J., concurs in conclusion. LESTER, V. C. J., and RILEY and HEFNER, JJ., absent and not participating.

Note.—See under (1) 12 R. C. L. p. 1198; R. C. L. Perm. Supp. p. 3278. (2) 12 R. C. L. 1194. (3) 25 R. C. L. p. 1001; 3 R. C. L. Supp. p 1437; 4 R. C. L. Supp. p. 1615; 5 R. C. L. Supp. p. 1358; 6 R. C. L. Supp. p. 1498; 7 R. C. L. Supp. p. 860. (4) 26 R C. L. p. 848; 4 R. C. L. Supp. p.1605; 5 R. C. L. Supp. p. 1349; 6 R. C. L. Supp. p. 1847. (7) 26 R. C. L. p. 849; 3 R. C. L. Supp. p. 1431; 5 R. C. L. Supp. p. 1350. See "Constitutional Law," 12C.J. §222, p. 797; n. 38. "Habeas Corpus," 29C.J. §23, p. 37, n. 56; §46, p. 51, n. 25. "Statutes," 36Cyc. p. 1018, n. 79; p. 1028, n. 24; p. 1029, n. 25; p. 1035, n. 52.