## COOPER v. KING, County Treas., et al.

### No. 24952.    March 12, 1935.

Lew H. Akin and L. D. Akin, for plaintiff in error.

Joseph L. Hull, Chas. E. Bush, and Jas. E. Bush, for defendants in error.

PER CURIAM. Plaintiff in error was plaintiff below and defendant in error was defendant below, and for the sake of brevity the parties will be here designated as plaintiff and defendant, which designation of "defendant" includes the intervener.

This action was begun by the plaintiff in the district court of Pottawatomie county, seeking an injunction against the defendant from selling certain property in the city of Shawnee to satisfy special paving taxes assessed against said property. The petition alleges that the officers of the city of Shawnee attempted to take proceedings for the paving of the streets and alleys abutting the property of the plaintiff, and did cause assessments to be made against plaintiff's property in the city of Shawnee; that defendant county treasurer has caused plaintiff's property to be advertised for sale and is threatening to sell, and will sell, plaintiff's property to satisfy such paving taxes, unless restrained by the court. Plaintiff alleges the assessment by ordinance of the city against the property of its proportionate cost of paving and improving, and says that the assessments are void because there was fraud in the making of same and because they were exorbitant, unreasonable and illegal; that the city officials knew that the assessment was excessive, illegal, void and fraudulent; that plaintiff did not know these facts until about the 14th day of December, 1932. It is not claimed that there was failure by the city to give the notices required by the statute.

The paving and drainage project in question was governed by chapter 173 of the Session Laws of 1923, which law is now found in chapter 33, art. 14, of O. S. 1931. This action was not commenced within the time limited by section 6217, O. S. 1931, but plaintiff claims that the limitation of 15 days in said section 6217 is void, because no mention of such limitation or reference thereto is made in the title of the act. The demurrer of defendants was sustained by the trial court upon the theory that plaintiff's action was barred by the provisions of said section. The sole question presented here is whether the inclusion of this section in the act violated section 57, art. 5, of the Constitution of the state of Oklahoma. This section is as follows:

"Sec. 57. Acts to Embrace But One Subject—Exceptions—Amendments. Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title, except general appropriation bills, general revenue bills, and bills adopting a code, digest, or revision of statutes; and no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred shall be re-enacted and published at length; provided, that if any subject be embraced in any act contrary to the provisions of this section, such act shall be void only as to so much of the law as may not be expressed in the title thereof."

The title of the act involved here is as follows:

"An act to provide for the establishment and change of the grade, permanent improvement, repair and maintenance of any street, avenue, lane, alley or other public place in any city or incorporated town in the state of Oklahoma, by grading, regrading, paving, repaving, constructing, reconstructing, macadamizing, remacadamizing, chatting, rechatting, graveling, regraveling, grading, regrading, draining, redraining, or otherwise improving same, to provide for the installation of water, gas or sewer connections, and to provide for the levying and collection of special assessments, and the issuance and payment of bonds to pay for said improvements; to provide for the levy of a general tax to repair and maintain permanently improved streets and ways, defining certain terms used in this act; to provide for the repeal of part of article XII, chapter 29, C. O. S. Annotated, 1921, and all other laws or parts of laws in conflict herewith and declaring an emergency."

Section 6217, O. S. 1931, limits the right of a property owner interested in the improvement to 15 days after publication of the resolution provided for in section 5 of the act (O. S. 1931, sec. 6216) to contest the action of the governing body in adopting and approving the plans, etc., for the improvement.

Section 6241, O. S. 1931 (sec. 30 of the act), limits the time for filing suit to set aside any assessment or to enjoin the governing body from levying or collecting any such assessment to a period of not more than 15 days after the publication of the ordinance levying the assessments.

The parties submit the one question, whether the last mentioned limitations upon the time of filing suit are unconstitutional and void.

This court has in many decisions expressed the proper rule to guide us in determining whether the terms of the title to an act are sufficient to justify the provisions of the act itself, and in determining whether the constitutional provision touching the title to an act has been violated so as to

render such provisions unlawful and void.

In the case of State ex rel. Short v. Johnson et al., 90 Okla. 21, 215 P. 945, the question at issue was whether a provision in section 5, chapter 58, of the Session Laws of 1915 was void and unconstitutional by reason of the fact that the title of the act was not sufficiently definite to justify the inclusion of this provision in the act. In discussing this question, Justice Harrison, who wrote the opinion, sets forth on page 22 of 90 Okla. certain universal canons of construction to be considered and followed in determining the question before him. These universal canons of construction, as set out in the opinion, were:

(1) "That the presumption is in favor of the constitutionality of a statute."

(2) "That every reasonable presumption will be made in favor of the validity of a statute."

(3) "That any and all reasonable doubts and every reasonable doubt as to the constitutionality of a statute will be resolved in favor of its validity."

(4) "That the presumption in favor of the constitutionality of a statute will be indulged in by the courts until the contrary is clearly shown."

(5) "That it is not within the province of the judiciary to question the wisdom or motives of a lawmaking body in the enactment of a statute."

(6) "That courts will presume that the Legislature in passing a statute was cognizant of the facts relating thereto and familiar with the existing conditions sought to be remedied."

In no subsequent decision of this court has the correctness of these rules of construction been questioned.

Chapter 58, Session Laws of 1915, was passed for the benefit of depositors in state banks, and that act controlled the state banks with reference to contributions to the depositors' guaranty fund, but section 5 provided for the payment out of the guaranty fund to surety companies of any amount which such surety company was compelled to pay or should voluntarily pay on account of a liability by reason of its surety bond to make whole the deposit of any state, county, municipal, or other public fund. The title to the act was as follows:

"An act to amend sections 267 and 272 of chapter 6, art. 1 of the Revised Laws of the state of Oklahoma of 1910, and to amend section 3, ch. 22, Session Laws of 1913, providing penalties for violations of the banking laws of this state, and to define the powers of the State Banking Board, and for other purposes; and declaring an emergency."

It was decided, page 26 (90 Okla. Reports):

"The title to the statute under consideration does not indicate, nor, standing alone, does it even intimate, that the body of the act contains a provision whose tendency is to defeat the central purpose of an economic policy of the state."

The gist of the decision is that the law having been passed for the general purpose of the protection of depositors and stockholders of state banks, and the title of the act having indicated this purpose, the inclusion of a section not contemplated within the general purposes of the act and not being germane to the idea of a protection to the depositors and stockholders, and no reference thereto being found in the title to the act, such section violated the constitutional provision and was void.

On the other hand, the case Town of Haskell et al. v. Edmonds et al., 90 Okla. 44, 215 P. 629, involves chapter 176 of the acts of the Legislature of 1919, providing for street improvements in any incorporated town in the state of Oklahoma having a population of more than 1,000. In that case a suit in equity had been begun for the purpose of enjoining the city authorities from levying and collecting assessments against the property of certain citizens for the payment of certain paving improvements. The title of the act was construed, and on page 46 of 90 Okla. Reports, the court says:

"Suffice it to say that the decided trend of the best considered cases is to so construe this provision of the Constitution as not to put unreasonable restraints upon the power of legislation and thus unnecessarily embarrass the Legislature in its work."

The same cause was again in this court and is to be found in Edmonds v. Town of Haskell, 121 Okla. 18, 247 P. 15. In the opinion the question raised here touching the limitation of actions to enjoin assessments for street improvements was before the court. It was held that the limitation was valid, and that the suit was barred.

It is true that the precise question raised here was not raised in the case last above quoted, but the provision for limitation of actions was considered, and on page 22 of 121 Oklahoma Reports, the court used this language:

"This statute has a twofold purpose, and a twofold effect; viz., that of stabilizing and maintaining the credit of a town in the commercial world, and thereby benefiting property owners by maintaining a sound credit for their town; and, on the other hand. it carries assurance to contractors and investors in town securities that the legal obligations of the town must be met."

The general rule from all of the opinions rendered in this court appears to be that the title of a bill may be general and need not specify every clause in the statute, it being sufficient if they are all referable and cognate to the subject expressed. Ex parte Owen, 143 Okla. 8, 286 P. 883; State ex rel. Short v. Johnson, 90 Okla. 21, 215 P. 945; Town of Haskell v. Edmonds, 90 Okla. 44, 215 P. 629; City of Chickasha v. O'Brien, 58 Okla. 46, 159 P. 282; Goodholm & Sparrow Investment Co. v. Cleveland-Trin. Paving Co., 48 Okla. 38, 150 P. 109; Kerker v. Bocher, 20 Okla. 729, 95 P. 981; Shultz v. Ritterbusch, 38 Okla. 478, 134 P. 961.

It appears to us that the limitation of 15 days is germane to the entire subject-matter of the act, and, not only germane, but a very wise and proper provision in order to assist the municipality in disposing advantageously of the paving or improvement bonds issued pursuant to the act.

The question as to the extent to which the Legislature must go in the title to its act has been thoroughly discussed in the very recent case of Oklahoma City et al. v. Grigsby, and is to be found in 171 Okla. 23, 41 P. (2d) 697, wherein this court says:

"The best-considered cases, however, appear to have established the following propositions: That the clause is mandatory; that its requirements are not to be exactingly enforced, or in such a technical manner as to cripple legislation; that the title of a bill may be very general, and need not contain an abstract of the contents of the bill, or specify every clause therein, it being sufficient if they are all referable and cognate to the subject expressed. Everything which is necessary to make a complete enactment, or to result as a complement of the thought therein contained is included in and authorized by such title expressed in general terms."

The clause limiting the time within which action may be begun, as contained in the act involved here, is not a clause tending to defeat the purposes of the act, as was the case in State ex rel. Short v. Johnson, supra, but it was a provision properly and necessarily inserted to attain the best results for the municipalities from the act.

The judgment of the trial court in sustaining the demurrer to the petition was correct, and that judgment is affirmed.

The Supreme Court acknowledges the aid of Attorneys James H. Gordon, W. H. H. Clayton, and Geo. M. Porter in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Gordon and approved by Mr. Clayton and Mr. Porter, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.