### NATIONAL TANK CO. et al. v. SHOEMAKER et al.

No. 26068.     May 28, 1935.

Hayes, Richardson, Shartel, Gilliland & Jordan and Lynn Adams, for petitioners.

Bob Howe, for respondents.

PHELPS, J.   On February 23, 1934, the State Industrial Commission awarded respondent (claimant) compensation for tem-

porary total disability, occasioned by an injury arising out of his employment in an occupation covered by the Workmen's Compensation Act. The Commission further found that he had sustained a 5 per cent. partial permanent disability, and awarded compensation therefor.

On July 10, 1934, the claimant filed a motion to reopen the case, alleging a change of condition. As the result of several hearings on said motion, the Commission on November 24, 1934, found that the claimant had undergone a change for the worse in his condition, that he was 15 per cent. partially and permanently disabled, and entered its order awarding compensation therefor.

The petitioners (employer and insurance carrier) filed this original action asking review of the proceedings, contending that the finding of a change in condition is not supported by competent evidence. They contend that the evidence, instead of showing actual change in condition, establishes only that there is a "continuation of a temporary total disability and a need for medical treatment," and that the evidence taken in the later hearing fails to show any condition of disability differing from that condition evidenced at the former hearing. We have examined the record, and with these contentions we do not agree.

Dr. T. A. Buchanan and Dr. R. S. Love both testified that they had examined the claimant just prior to the former award and also examined him again in connection with the motion to reopen, and that in their opinion he was without any permanent disability on either occasion.

Dr. Phil E. White, on the other hand, testified that the claimant is now 100 per cent. disabled from performing the heavy types of work and 50 per cent. disabled from performing the lighter types of work. He did not examine the claimant prior to the later hearing. There is much other conflicting evidence in the record, which it is unnecessary to discuss, on account of the fact that in our opinion the foregoing is sufficient to support the Commission's finding, under the tests pertinent to a review on the issue of the existence of "competent evidence reasonably tending to support the finding."

It may be that as to the condition of claimant at the time of the former award the Commission accepted the testimony of Doctors Buchanan and Love, and that as to his condition at the time of the later award they preferred Dr. White's appraisal of claimant's condition. We know of no rule requiring that the Commission, or the jury, or the trial court, whose findings of fact are here being reviewed, must accept all or none of a witness's testimony. If the Commission believed the testimony of Doctors Buchanan and Love in so far as it dealt with claimant's condition at the time of the first award, and chose to disregard the testimony of those doctors as to the condition after the alleged change, and to accept Dr. White's testimony in preference thereto, we cannot overrule the Commission's action in so doing. Else we would be the triers of fact, rather than the Commission. It is not a question of what decision we would make on the issues of fact if we were the Commission; the question is whether there was any competent evidence to sustain the Commission's finding, and in determining whether there is such competent evidence it is not our function to gauge the credibility of the various witnesses.

The award is affirmed.

McNEILL, C. J., and BUSBY, WELCH, and CORN, JJ., concur.