NATIONAL MUTUAL CASUALTY CO. et al. v. BRISCOE et al.

No. 29457. Dec. 10, 1940.

Rehearing Denied Jan. 21, 1941.

Application for Leave to File Second Petition for Rehearing Denied Feb. 18, 1941.

*109 P. 2d 1088.*

Everett Petry, of Tulsa, and T. A. Aggas, of Oklahoma City, for petitioners.

Harold Thweatt, Bohanon & Adams, and Bert Barefoot, Jr., all of Oklahoma City, for respondents.

NEFF, J. Miller Briscoe sustained an accidental personal injury entitling him to benefits under the Workmen's Compensation Act. The State Industrial Commission made its award granting him compensation for temporary total disability and for medical care and attention. While he was receiving said payments he filed an application for an award for permanent total disability, which the commission denied on the ground that it was too early at that time to determine his permanent disability. Thereafter he filed another motion for an award for permanent total disability and before that motion was heard he fell out of bed, and died a few days later.

After his death his parents filed a motion to revive the proceedings in their name, and to award compensation. The commission found that death had resulted from causes other than the injury, and entered the order of revivor. The insurance carrier of the employer then filed this original action in this court to review the order of revivor, which order also made awards to doctors and nurses and for payment of drug bills.

The order of revivor was made under authority of chapter 29, section 2, page 66, of the Session Laws of 1933, amending certain sections of the Workmen's Compensation Act, and particularly section 13365, O. S. 1931, 85 Okla. St. Ann. § 41. The particular provision of the section under which the revivor was made prescribes that "an award for disability may be made after the death of the injured employee, when death results from causes other than the injury."

It is contended by the petitioning insurance carrier that the above quoted portion of the 1933 amending act is violative of section 57 of article 5 of the Oklahoma Constitution; first, because it is not mentioned in the title of the amending act and, second, because it is not germane to the provisions of the old section, 13365, supra, which it purported to amend.

We first consider the question whether the title is sufficient. The title of the 1933 act reads:

"An Act amending Sections 13365, 13367 and 13372, Oklahoma Statutes, 1931, relating to Awards made under Workmen's Compensation Act; providing for procedure thereunder; amount and tenure of Compensation in certain cases; enforcement of Awards made; for survival of Awards in case of death of Claimant; limiting time for Awards upon application based upon change of condition; and declaring an emergency."

The body of the amending act then amended each of the sections mentioned by adopting a new section as to each thereof, setting forth each of said new sections at length, in quotations. We do not quote it further than the necessities of the present case require. That portion amending and extending section 13365 begins as follows:

"Payments - Hearing - Periodical or Lump Sum - Death of Claimant - Other Cases.

"Section 2. Section 13365, Oklahoma Statutes 1931, be and the same is hereby amended to read as follows: * * *."

Then follow many provisions, one of which is the provision under which the present claim was revived, reading that "An award for disability may be made after the death of the injured employee, when death results from causes other than the injury." This provision had not theretofore appeared in the Workmen's Compensation Act. It should be borne in mind that at this time we are not considering the question whether it is germane to the old section, as it existed prior to the amendment, or questions growing therefrom. For the time being, we are considering only the question whether it is sufficiently germane to the title of the amending act, as set forth above, within the meaning of the Constitution.

442

Section 57 of article 5 of the Oklahoma Constitution reads:

"Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title, except general appropriation bills, general revenue bills, and bills adopting a code, digest, or revision of statutes; and no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended or conferred shall be reenacted and published at length; Provided, That if any subject be embraced in any act contrary to the provisions of this section, such act shall be void only as to so much of the law as may not be expressed in the title thereof."

It is apparent that the above section of the Constitution treats both of new legislation and old sections. In considering the section confusion will be prevented by considering whether the particular phrase or portion being read at the time relates to the new act or the old section. The beginning portion of the section, however, providing that every act shall embrace but one subject, which subject shall be clearly expressed in its title, relates both to original and new legislation and to legislation which is amendatory in character.

The word "subject" in the above section is given a broad definition, not a restricted one. The general subject to which the act relates may be broad and comprehensive, and if the title sufficiently brings the attention of the mind to that general subject it is sufficient, and there is no need of expressing, in the title, details or subdivisions of the subject to which the body of the act relates. The provision is satisfied if an act has a general subject fairly indicated by the title, and the fact that the act involves many details does not offend the section if all of those details relate to the same general subject which is expressed in the title. C. C. Julian Oil & Royalty Co. v. Capshaw, 145 Okla. 237, 292 P. 841; Oklahoma Light & Power Co. v. Corporation Comm. of Oklahoma, 96 Okla. 19, 220 P. 54. The title may be very general and need not specify every clause in the statute if said clauses or portions are reasonably cognate to the general subject expressed. Prudential Ins. Co. of Amer. v. Hill, 174 Okla. 33, 49 P. 2d 1067. The title should be brief, clear, broad and comprehensive, and sufficient to call attention to the subject dealt with by the act, but it is not essential that the title should be so worded as to be a complete index to all of the provisions and details of the act. Perry v. Carter, 173 Okla. 267, 48 P. 2d 278; Cooper v. King, 171 Okla. 121, 42 P. 2d 249; Oklahoma City v. Grigsby, 171 Okla. 23, 41 P. 2d 697. Where there are many details provided in a statute but they all relate to the same general subject indicated in the title, the title is sufficient. Meek v. State, 54 Okla. Cr. 415, 22 P. 2d 933; Dowell v. Board of Education of Oklahoma City, 185 Okla. 342, 91 P. 2d 771; Musick v. State ex rel. Miles, 185 Okla. 140, 90 P. 2d 631; Pure Oil Co. v. Oklahoma Tax Comm., 179 Okla. 479, 66 P. 2d 1097, 302 U.S. 635, 82 L. Ed. 494, 58 Sup. Ct. 15; Davis v. State Board of Medical Examiners, 181 Okla. 385, 74 P. 2d 610.

Perhaps no more explicit explanation of the question is to be found than that employed in Griffin v. Thomas, 86 Okla. 70, 206 P. 604, quoting a part of the following from 25 R. C. L. 842:

"The term 'subject,' as used in these provisions, is to be given a broad and extended meaning, so as to allow the Legislature full scope to include in one act all matters having a logical or natural connection. If all parts of an act relate directly or indirectly to the general subject of the act, it is not open to the objection of plurality. To constitute duplicity of subject, an act must embrace two or more dissimilar and discordant subjects, that by no fair intendment can be considered as having any legitimate connection with or relation to each other. This constitutional provision does not contain any limitation on the comprehensiveness of the subject, which may be as comprehensive as the Legislature chooses to make it, provided it constitutes, in the constitutional sense, a single subject and not several; it may include innumerable minor subjects, provided that all the minor subjects, when combined, form

only one general subject or topic. The connection or relationship of the minor subjects need not be logical; it is enough that they are connected with and related to a single subject in popular significance. Matters which constitute, apparently, two distinct and separate subjects are not so, in the meaning of the constitutional provision, unless they are incongruous and diverse to each other. While this provision is mandatory, yet it is to be construed liberally. It is not intended nor should it be so construed as to prevent the Legislature from embracing in one act all matters properly connected with one general subject."

Coming now to specific application of the foregoing principles, we find a number of decisions by this court in harmony with the holding herein. In Davis v. State Board of Medical Examiners, supra, a title to an amendatory act, which stated that it amended certain named sections and "relating to the practice of medicine and surgery in the state of Oklahoma," was held sufficient to govern the body of the act empowering the State Board of Medical Examiners to revoke a license to practice medicine. In a recent decision, Crawford et al. v. Corporation Commission et al., 188 Okla. 101, 106 P. 2d 806, it was held that a title worded "an act providing for fees to be charged by state officers" was sufficient to an act the body of which empowered the Corporation Commission to deduct 10 per cent. of rebates from public utilities, to cover the cost of distributing said rebates to customers. It is noticed that the title thereof is very broad, relating only to "fees to be charged by state officers," and yet it was held sufficient on the ground that the title was broader than the body of the act, and we said:

"A statute is not to be declared unconstitutional on the ground that the subject thereof is not expressed in its title, unless the title is clearly insufficient. Read v. Midwest Mut. Burial Ass'n, 176 Okla. 468, 56 P. 2d 124; Walker v. Local Bldg. & Loan Ass'n, 176 Okla. 168, 54 P. 2d 1078.

"The title may be general and need not contain an abstract of contents of the bill or specify every clause therein. It is sufficient if they are all referable and cognate to the subject expressed. Cooper v. King, 171 Okla. 121, 42 P. 2d 249; Oklahoma City v. Grigsby, 171 Okla. 23, 41 P. 2d 697; Ex parte Owen, 143 Okla. 8, 286 P. 883; Oklahoma City Land & Development Co. v. Hare, 66 Okla. 190, 168 P. 407.

"The act in question relates solely to fees to be charged by the Corporation Commission or its secretary, and contains no subject matter not embraced within the title. The subject expressed in the title is broader than the matters contained in the body of the act. Under the title the Legislature might have properly included fees to be charged by other state officers. The inhibition in the Constitution is against including in the act subject matter not embraced within the title. The fact that matters within the title are not included in the act does not render it violative of the Constitution. Mayor and Alderman of Knoxville v. Gass, 119 Tenn. 438, 104 S. W. 1084."

The ruling and the reasoning in the above case necessitate the conclusion that the title in the present case does not offend the Constitution. There the title related to "fees to be charged by state officers." Here the title amends certain sections which it specifically names, and then it states that it relates to awards made under the Workmen's Compensation Act. We do not attach as narrow or strict construction to the word "made," in the portion of the title just mentioned, as does the petitioner. We think that on reading the words or conceiving the idea of "awards made under Workmen's Compensation Act," one's mind naturally turns to the general subject of awards which are made under that act, and not necessarily to awards *already made* under the act. In other words, awards are made by the Industrial Commission, by boards of arbitrators, and by various other boards and tribunals. "Awards made under" any particular provisions of the statutes would lead the mind to contemplation of such awards and not, as petitioner contends, to awards already made. Reading such words, one would not contemplate that the body of the act was so re-

stricted; he would at least obtain the impression that the new act related generally to awards which are made under the Workmen's Compensation Act, whether before or after the death of claimant.

The claimants draw attention to the words "amount and tenure of compensation in certain cases," which might also help lead a reasonably inquisitive mind to the body of the act. "Tenure" means the *manner* in which anything is had, as well as the period thereof. Webster's New International Dictionary (2d Ed.) p. 2603. The same thought may be expressed as to the words "and survival of awards in case of death of claimant." It is true that the body of the act also provides for the survival of awards already made, before the death of claimant, but that is not the test. We need not hold that the last-quoted portion of the title, in itself, would have been sufficient. The test is whether the title leads a reasonable mind to a generic head whereby the intimation of the subject matter of the act can be reasonably gathered from reading the title *as a whole*. Perry v. Carter, 173 Okla. 267, 48 P. 2d 278. In that case we said:

"No elaborate statement of the subject of an act is necessary to meet the requirements of the constitutional provision. A few well chosen words, suggestive of the general subject stated, is all that is necessary."

It is apparent from the foregoing decisions, and from many more which could be cited, that the title must be looked to as a whole, and not piecemeal. Considering the portion of the title "relating to awards made under Workmen's Compensation Act," and then taking into consideration the other portions thereof, we would not be justified in pronouncing the title insufficient in view of the principles laid down in the cases. Certainly under the Crawford Case, supra, and under the reasoning in the Davis Case, supra, the title in the act under consideration was sufficient. We so hold.

We next consider the contention that the act is violative of section 57 of article 5 of the Oklahoma Constitution, supra, because not germane to section 13365, O. S. 1931, as the same existed prior to the amendment. The substance of the argument in this connection seems to be that an act amending a section already in existence must relate solely to the provisions of the old section, and must be restricted to the particular details covered by the old section. When section 57 of article 5 of the Constitution is considered carefully it is seen that this contention is not meritorious.

There is no prohibition in said section of the Constitution against extending or adding to the provisions of an existing section of the statutes. In fact the Constitution contemplates the exact reverse, and that old sections may be "extended" or broadened. Section 57 specifically provides that no law shall be "extended" *by reference to its title only,* but it then goes ahead and permits extension of the old law if same is re-enacted and published at length. If the amendment is an entirely new section, as here, and provides that the old section shall read as set forth in the amendatory act, it is not required to publish at length the old section which has been replaced, for, as stated in Missouri, K. & T. Ry. Co. v. Washington County, 136 Okla. 191, 276 P. 769, and in Perry v. Carter, 173 Okla. 267, 48 P. 2d 278:

"It is not the meaning of the provisions of section 57 of article 5 of the Constitution that upon passage of each new law all prior laws, which it may modify by implication, shall be re-enacted and published at length as modified, for such a construction would result in more evil than was intended to be corrected by the provisions in the Constitution."

So it is seen that there is no prohibition against adding to or extending the provisions of the old law or section. Of course the new matter must relate to the same general subject, which must be published at length in the body of the act, as distinguished from extending an old law by reference to its title only, and as distinguished from covertly slipping in, as "riders," legislation on some wholly foreign and disconnected subject,

in which latter case it would offend the provision that every act shall embrace but one subject.

Considerable misunderstanding has arisen over use of the word "germane", which does not appear in the section. The germaneness which is required is that the body of the act be germane to its title. If the title relates to the same general subject as the old section, and is sufficient to cover the new matter, said new matter need not be germane to the precise, particular provisions of the old section. Otherwise there could never be new legislation except by the creation of a new section.

Of course the drawer of the bill may, if he desires, restrict the title so that it will prevent extension of the old section. Such an instance occurs where the amendatory act's title simply states that it amends a certain named or numbered section. That occurred in Pottawatomie County v. Alexander, 68 Okla. 126, 172 P. 436, where it was held that:

"An act to amend a particular section of a general law is limited in its scope to the subject matter of the section proposed to be amended. Such amendment ex vi termini implies merely a change of its provisions upon the same subject to which the original section relates."

Where, as in that case, the title of the amendatory act purports merely to amend a certain named section of the statutes, and stops there, the reader of the title may reasonably take the old section as, in effect, the title of the new act.

The foregoing is particularly true where the matter contained in the amendatory act had theretofore been treated in some other section which the title did not purport to amend, and in such case it has been held that such practice offends the constitutional provision even when the title is slightly broader than the mere amendment of the old section by number. Ex parte Masters, 126 Okla. 80, 258 P. 861. In the instant case, however, we have entirely new legislation on the same general subject as expressed in the title of the amendatory act, which had not theretofore been included within any provision of the existing statutes.

Though some of the remarks in Riverland Oil Company v. Williams, 176 Okla. 448, 56 P. 2d 1167, may have carried the rulings in the two foregoing cases beyond their justifiable limits, that decision is not in conflict herewith. In that case it was held that the portions of the act under consideration purporting to amend section 13356, O. S. 1931, were unconstitutional. Section 13356 was not mentioned in the title of the amending act. The "other cases" provision of the Workmen's Compensation Law already existed within section 13356, which the title did not purport to amend, thus bringing the situation within the rule of the Masters Case, supra. Furthermore, it was an attempt to amend an old law by reference to its title only and without republishing and re-enacting same at length. Those facts do not exist in the instant case. Here, as stated above, we have new matter not theretofore touched upon by the Legislature, which new matter is covered by the title, as held above.

We believe that the following excerpt from 25 Ruling Case Law 871 is borne out consistently by our rulings on this question, in this and prior decisions:

"The constitutional requirement is violated by an act which, under a title purporting to amend certain *particular* sections of another statute, alters the subject matter of a different section to which no reference is made in the title. But where one act purports to be an amendment of another, it is not essential that the amendment be cognate to the section amended, if it is cognate to the general subject of the original act. * * * An amendatory statute may have different objects and purposes from those of the original, and still be germane thereto, if on the same subject."

In conclusion on this phase of the case, it is noticed that the proviso to section 57 of article 5 of the Constitution, supra, permits validity of an act, even if it is in violation of the remainder of the section, if the "subject" of

the matter under consideration is "expressed in the title." We have already held that the subject of the particular provision in question was sufficiently covered by the title,—which should leave no doubt as to the constitutionality of the portion of the amendatory act in question. If such doubt existed, it still would be our duty to sustain the legislation, if reasonably possible.

Petitioner also contends that the evidence is insufficient to show that claimant died 'from causes other than the injury. The record reveals that he accidentally fell from bed, that the fall was not the direct result of the injury, and that he died as the result of the fall. The court has considered all of the evidence in this connection in detail and is not disposed to disturb the finding. In reviewing a State Industrial Commission's award the Supreme Court will not determine weight and value of conflicting evidence. The foregoing evidence was sufficient to sustain the order, in which situation this court will not interfere therewith. National Tank Co. v. Shoemaker, 173 Okla. 292, 47 P. 2d 603.

Certain contentions are also made concerning reasonableness or necessity of the medical, nurse, and drug bills. These contentions have been considered and found to be without sufficient merit to necessitate discussion.

The order is sustained.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, HURST, and DAVISON, JJ., concur. GIBSON, J., dissents. CORN, J., absent.