CARTER COUNTY, EXCISE BOARD, v. STANOLIND PIPE LINE CO. et al.

No. 30834. June 16, 1942.

Rehearing Denied July 7, 1942.

*127 P. 2d 810.*

Alvin C. Bruce, County Atty., and Rutherford H. Brett, Asst. County Attorney, both of Ardmore, for plaintiff in error.

Stephen A. George, of Ardmore, for Board of Education of City of Ardmore.

Mastin Geschwind, of Oklahoma City, for defendant in error.

WELCH, C. J. For the fiscal year 1941-42 the governing board of the

county obtained an appropriation within its general fund for traveling expenses for county commissioners. Protestant contends that because of section 2, ch. 10a, Title 19, S. L. 1941, p. 60, 19 O. S. 1941 § 324b, such appropriation could be made only from the county highway cash fund. That section provides:

"Section 2, article 20, chapter 35, Session Laws of 1937, is hereby amended to read as follows:

" 'Section 2, Budget.

" 'The Board of County Commissioners of each county is hereby authorized to include the item provided for in section 1, hereof in its budget and it shall be the mandatory duty of the Excise Board to approve said item; provided, all moneys so appropriated shall be set aside from the County Highway Cash Fund of said County.' "

Protestee contends that the "proviso" incorporated in the above section violates article 5, sec. 57, of the Constitution, in that the title of the act does not clearly express or disclose a purpose to confiine the authorized expenditures to payment from such cash fund. We quote the title as follows:

"An Act amending by deletion certain provisions for compensation to the Board of County Commissioners as provided in Section 1, Article 20, Chapter 35, Session Laws of 1937, providing further that by same procedure Section 2, Article 20, Chapter 35, Session Laws of 1937, certain authority extended therein to the Excise Boards be limited; and declaring an emergency."

Protestee further contends that all other portions of the act are constitutional, and that the chapter confers full authority to incur such expense and to include same in the general fund appropriations. In this connection the county refers to further provisions of the same section of the Constitution to the effect "that if any subject be embraced in any act contrary to the provisions of this section, such act shall be void only as to so much of the law as may not be expressed in the title thereof."

It is to be observed that the 1941 act is designated as amendatory of article 20, ch. 35, S. L. 1937. The subject matter in each case is the granting of authority to pay traveling expenses of the county commissioners. We think it is apparent that a title which clearly indicates an intention to authorize certain expenses of a county official to be paid inherently carries with it the thought that such payment will be made from public funds. The Legislature generally may designate the disposition to be made of both the county revenues accruing to the general fund and the cash fund which it created. A title indicating an intention to authorize an expenditure of public funds of a county is, in our opinion, sufficient to give notice that the act may designate the particular public fund out of which such payment shall be made.

It is interesting to note that neither the title of the 1937 or 1941 act expressly discloses what particular public fund shall be drawn upon for payment. If it were necessary for the title to specify the exact public fund to be used, then we would be unable to find wherein the title of either of the acts specifies an intention to resort to the general fund as urged by protestee.

Such is not necessary, however. The matter of the choice of the particular public fund clearly relates to the general subject of the legislation. C. C. Julian Oil & Royalty Co. v. Capshaw, 145 Okla. 237, 292 P. 841; Oklahoma Light & Power Co. v. Corporation Commission of Oklahoma, 96 Okla. 19, 220 P. 54. See, also, National Mutual Casualty Co. v. Brisco, 188 Okla. 440, 109 P. 2d 1088, for other expressions dealing with this provision of our Constitution consistent with our conclusion here.

Protestee further urges that:

"The proviso of section 2, House Bill No. 219, Eighteenth Legislature, approved April 25, 1941, with emergency clause, is in direct and irreconcilable conflict with section 4, House Bill No. 524, Eighteenth Legislature approved

May 20, 1941, with emergency, and is therefore repealed by said section 4, House Bill No. 524, Acts Eighteenth Legislature, by implication."

It is pointed out that the 1941 legislation considered above was approved on April 25, 1941, and that a later act of the same legislative session was approved May 20, 1941. We have examined the later act, which appears as chapter 18b, Title 68, p. 353, S. L. 1941. It is pointed out that the gasoline taxes levied by such act are required by section 4 thereof to be placed in the "county highway fund," and it is provided that such proceeds shall be used exclusively for the purposes therein specified, which specified purposes do not include payment of mileage of county commissioners herein being considered. We see no conflict in the two acts. The later act levies an additional gasoline tax. The proceeds of that particular tax may be segregated to the uses therein specified without in any manner affecting other specified uses to which other portions of the highway fund or highway cash fund may be applied.

The Court of Tax Review sustained the protest of this item, and its judgment in that regard is affirmed.

By cross-appeal protestant attacks the trial court's judgment denying its protest of a part of the building fund levy of school district 19.

The basis of protestant's position is that there was an unencumbered cash surplus of $2,294.76 in that fund which was not considered in making the levy. That position, in turn, is based upon the contention that the reserve for claims and contracts pending as reported by the district officials is excessive, because a purported supplemental appropriation approved by the excise board in 1941 is illegal, void, and ineffective for lack of exact detailed compliance with the statutory procedure.

The only evidence on the issue is the annual financial statement filed, upon which this levy is based, and the financial statement and proceedings upon which the supplemental appropriation is based.

The present financial statement reflects reserves for warrants outstanding and claims and contracts pending amounting to $687.53 in excess of the cash on hand, without any allowance of reserve for interest on warrants.

The reserve for claims and contracts pending as reported by the school district officials totals $8,406.12, and it is from this item that protestant asserts there should be deducted the sum of $2,294.76, which represents the total of the supplemental appropriation.

The record does not reflect any of the details concerning the identity of the holders of the "claims and contracts" pending, nor what parts of same, if any, have accrued against the alleged illegal supplemental appropriations.

The attack here is upon the validity of the claims upon the alleged ground that the supplemental appropriation alleged to be supporting them is unlawful. Yet there is nothing to show which of the claims, if any, or the total thereof, which in fact rests upon such supplemental appropriations. There were other appropriations made from that fund, and any part of such claims which may have accrued against such other appropriations must be considered in computing the reserve. C. D. Coggeshall & Co. v. Smiley, 142 Okla. 8, 285 P. 48.

Without regard to whether the supplemental appropriation is effective, if the claims and contracts pending had lawfully accrued against other appropriations which had been made in a comparatively large amount and which are not questioned, obviously they must be paid. It is probable that some part of the claims shown are intended to be charged against the supplemental appropriations, but the burden of showing that to be true and the amount thereof rests upon the attacking party. and, as above stated, the record does not show such proof.

Neither taxing officials nor the courts are justified in considering certain cash as unencumbered in making appropriations and levies for financing same upon a mere showing that such cash is probably unencumbered.

Furthermore, if, in fact, all of the claims were sought to be charged against the supplemental appropriation, and if the supplemental appropriation is, in fact, invalid, there would still remain the necessity of providing an adequate reserve in some amount to be ascertained in a proper manner for interest on warrants. Morley et al. v. State ex rel. Bd. of Ed. of City of Tulsa, 171 Okla. 46, 47 P. 2d 170; St. Louis-S. F. Ry. Co. v. Choctaw County Excise Board, 173 Okla. 312, 48 P. 2d 312. No showing in that regard is herein made. It is unnecessary for us to discuss or determine the questions raised against the supplemental appropriation. Protestant having failed to establish his grounds of protest, we affirm the judgment of the Court of Tax Review.

CORN, V. C. J., and RILEY, BAYLESS, GIBSON, and DAVISON, JJ., concur. OSBORN, HURST, and ARNOLD, JJ., absent.