R. Kenneth MILBURN, an individual doing
business as Milburn Motor Company,
Petitioner,

v.

W. P. KEEN, Judge of District Court in and
for the Second Judicial District of
the State of Oklahoma, Respondent.

No. 37001.

Supreme Court of Oklahoma.

Sept. 20, 1955.

Williams, Williams & Williams, by W. J. Williams, Ardmore, for petitioner.

Charles M. Wilson, of Rizley & Wilson, Sayre, for Wilma Fowler and appearing herein, amicus curiae.

HALLEY, Justice.

This is an original proceeding for a writ of prohibition by the petitioner against the respondent, W. P. Keen, Judge of the District Court of Roger Mills County, Oklahoma.

There was filed in the District Court of Roger Mills County by Wilma Fowler, plaintiff, against R. Kenneth Milburn, an individual doing business as Milburn Motor Company, defendant, case numbered 7983, in which the plaintiff seeks to recover damages for personal injuries sustained in a one-car accident. She was riding with her husband in his car. The car went out of control because of a mechanical failure and ran off a bridge dropping about ten feet. As a result of the accident, plaintiff received personal injuries. The accident was alleged to have been due to negligent work performed on the car by the defendant at the service de-

900

partment of his garage in Sayre, Oklahoma. It is not alleged that the defendant or his servants, agents or employees had anything to do with the actual operation of the car in Roger Mills County. The petitioner in this application seeks to prohibit the District Judge from proceeding further with the personal injury action. The petitioner at the time of the filing of the action in Roger Mills County was a resident of Carter County, Oklahoma, and was served with summons in that county.

The question here is the construction to be placed upon House Bill 606 of the 1953 Session Laws, page 49. It is now Section 141, 12 O.S.Supp.1953. The petitioner makes two contentions; first, that the Act is unconstitutional being in violation of Article V § 57 of the Oklahoma Constitution in that it is an attempt to amend the general venue statutes of the State as well as to extend the provisions of Chapter 11, 47 O.S. 1951 § 391 et seq., and second, that it is not applicable to a case where the defendant never operated or used the automobile involved in the accident. With this first contention we cannot agree because the Act was not an amendatory statute in the strict sense of the words, but only supplementary and complete in itself and in no way violates this section of the Constitution. This is made clear in National Mut. Casualty Co. v. Briscoe, 188 Okl. 440, 109 P.2d 1088. We are of the opinion, however, that petitioner's second ground for the granting of the writ is well founded for the reason that in our opinion it was never intended to apply to any other cases than those in which the defendant was using or operating a car in the county in which the accident happened. It is quite apparent that it was intended to apply to only those cases that were similar to those arising out of Chapter 11, 47 O.S.1951. That Act applied to nonresidents of the State who were using or operating an automobile in the State. This Act of 1953 was intended to apply to actions arising out of accidents where the defendant, a resident of Oklahoma, was using or operating a car in a county other than his residence and by so doing became liable to be sued in the county where he was using or operating the car.

The trial court is proceeding in the suit in Roger Mills County without authority because he has no jurisdiction over the defendant and for that reason prohibition is a proper remedy and the writ is granted.

JOHNSON, C. J.; WILLIAMS, V. C. J., and WELCH, CORN, DAVISON, BLACKBIRD and JACKSON, JJ., concur.