MEADOW GOLD DAIRY PRODUCTS COMPANY et al., Plaintiffs in Error,

v.

LaVaughn Louise CONLY et al., Defendants in Error.

No. 35914.

Supreme Court of Oklahoma.

Oct. 18, 1955.

Draper Grigsby and Fenton & Fenton, Oklahoma City, for petitioners.

Gomer Smith and Associates, Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

BLACKBIRD, Justice.

LaVaughn Louise Conly, widow of Harlon Levon Conly, obtained an award of $13,-500 under the death benefit provision of the Workmen's Compensation Act, 85 O.S.1951, sec. 1 et seq., and this proceeding is brought by the employer and insurance carrier, Zurich General Accident and Liability Insurance Company, to review said award.

■ In their Proposition II, the petitioners assert:

"The provision of H.B.No.312, Session Laws of Oklahoma, 1951, abrogating the rights of subrogation and right of action accruing to the employer and insurance carrier to recover loss sustained by negligence of a third party in fatal cases arising under the Workmen's Compensation Law is discriminatory and based on an unreasonable and arbitrary classification."

An argument identical, for all practical purposes, with the above was dealt with in the recent case of Updike Advertising System v. State Industrial Commission, Okl., 282 P.2d 759, decided since petitioners' brief was filed. It was therein rejected. In doing so, it was pointed out that, as to the type of recovery which the Death Benefit Amendment of the Workmen's Compensation Act provides, there is no right to subrogation either at common law or by statute; and, it was shown that, for this reason, the word "subrogation" need never have been used in said amendment.

Concerning the claimed "right of subrogation" as to the death benefit of $13,500 prescribed by the amendment, which "right" petitioners say is abrogated by said amendment, this Court in the cited case demonstrated that allowing the employer or insurance carrier to be compensated for said sum's recovery and/or collection from him, by the employer's dependent heirs, on the cause of action established by the amendment, would not be true "subrogation" within the correct meaning of that term; and, that if such recovery back had thereby been allowed the amendment would have been unconstitutional as in conflict with our State's constitutional inhibition against limitation of the recovery for wrongful death. For the principal reasons above mentioned, this Court in that case decided that the amendment did not take "property" of the employer and/or insurance carrier without due process of law in violation of Art. II, sec. 7 of our State Constitution. Consequently, the opinion in that case also determined the identical contention made here under petitioners' Proposition III.

■ This leaves for decision only their Proposition I, by which they assert that the Amendment, H.B.No.312 of the Twenty-Third Legislature; Sess.Laws 1951, pp. 267–270, 85 O.S.1951 §§ 11, 12, 22, 24, 43, 44, 48, 109, 122, is also unconstitutional because of the insufficiency of its title under the requirements of Art. 5, sec. 57 of said Constitution. The title in question reads as follows:

"An Act relating to Workmen's Compensation; providing for compensation to the dependents of injured employees where death results from such injuries; providing for the amount of such compensation; providing the persons to whom and the manner in which same shall be paid, and making the same exclusive of all other benefits; amending Sections 11, 12, 22, 24, 43, 44, 48, 109 and 122 of Title 85, Oklahoma Statutes 1941; and repealing Section 121 of Title 85, Oklahoma Statutes 1941; making the provisions of this Act severable; and declaring an emergency."

The provision which petitioners say is not referred to in the above-quoted title and therefore renders the Act violative of the cited constitutional provision is in Tit. 85 O.S.1951 sec. 44, or sec. 7 of H.B. No. 312, supra, as follows:

"(b) There shall be no subrogation to recover money paid by the employer of his insurance carrier for death claims or death benefits under this Act from third (3d) persons, with all common law rights against other than the employer and his employees preserved and to be in those persons who would have had such rights had there been no death claim or death benefits under this Act."

Without discussing in detail the various facets of counsel's general contention, suffice it to say that upon the same principles applied and similar reasoning employed in the case of National Mut. Casualty Co. v. Briscoe, 188 Okl. 440, 109 P.2d 1088, and specifically referred to or cited in many other cases including the more recent ones of Ray v. Williams, Okl., 278 P.2d 550 and Rupe v. Shaw, Okl., 286 P.2d 1094, we think the title of the Act in question is sufficient. In the first of the cited cases [188 Okl. 440, 109 P.2d 1091] we said that a person reading the title of the Act there involved would "at least obtain the impression" that it related generally to awards made under the Workmen's Compensation Act. By the same token we think anyone reading the title of the Act here involved would see, as plainly announced therein, that it deals with monetary benefits or "compensation to the dependents of injured employees where death results from such injuries; * * *". Under the principles applied in the above cited cases, the above-quoted subparagraph "(b)" deals with details encompassed within and reasonably cognate or germane to that general subject. See Pottawatomie County v. Alexander, 68 Okl. 126, 172 P. 436. We therefore hold that the Act is not unconstitutional as claimed by petitioners.

In view of the foregoing, the award is sustained.

WILLIAMS, V. C. J., and CORN and JACKSON, JJ., concur.

DAVISON, J., specially concurs.

HALLEY, J., dissents.

DAVISON, Justice (concurring specially).

I concur in the majority opinion only because of the reason of stare decisis. I thought the case of Updike Advertising System v. State Industrial Commission referred to and wholly relied on by the majority opinion was incorrect. I am still of the view that the reasoning expressed in my dissenting opinion in the Updike case is correct, particularly with reference to the distinction between insurance and death benefit awards under the Workmen's Compensation Act. I am of the conviction that, since a death benefit award cannot be made unless the deceased employee left persons who were dependent upon him for support and therefore suffered pecuniary loss by reason of his death, it cannot be comparable to insurance which is always payable to someone when the death occurs regardless of pecuniary loss or dependency.

However, since the majority of the court still adheres to the correctness of the Updike case, I feel it my duty at this time to concur specially for the reason above stated.