CONSTITUTIONALITY — APPROPRIATION BILLS Senate Bill 53 of the First Session, Thirty-fifth Legislature is not unconstitutional under Article V, Section 56 and Article V, Section 57 of the Oklahoma Constitution. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: Is Senate Bill 53, First Regular Session, Thirty-fifth Legislature, unconstitutional under Article V, Section 56 and Article V, Section 57 of the Oklahoma Constitution? Article V, Section 56, Oklahoma Constitution, provides as follows: "The general appropriation bill shall embrace nothing but appropriations for the expenses of the executive, legislative, and judicial departments of the State, and for interest on the public debt . . . All other appropriations shall be made by separate bills, each embracing but one subject." Article V, Section 57
Oklahoma Constitution, provides in pertinent part: "Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title, except general appropriation bills, general revenue bills, and bills adopting a code, digest, or revision of statutes." Senate Bill 53 is entitled: "AN ACT RELATING TO VARIOUS STATE AGENCIES . . . MAKING APPROPRIATIONS TO VARIOUS STATE AGENCIES; STATING THE PURPOSES . . ." Senate Bill 53 is commonly known as the supplemental appropriation bill in that the bill primarily provides appropriations to various state agencies for the remainder of the fiscal year ending June 30, 1975. The practice of enacting a supplemental appropriation bill including appropriations to various state agencies for the current year can be traced as far back as the Territorial Legislature of 1897 which enacted a bill appropriating funds "to cover deficiencies'' of prior appropriations to such varied agencies as the Territorial Librarian, the Governor, and the Board of Election Commissioners. See Laws 1897, p. 49. Bills such as the 1897 act making appropriations to more than one agency, department or institution of state government, have included since statehood generally, a general appropriation or "departmental" bill for expenses of executive, legislative, and judicial departments of the State, an institutional bill appropriating money to various state institutions, and a deficiency or supplemental appropriation bill. The Legislature has also frequently enacted bills to pay for cancellation of warrants or past due obligations which were incurred by various state agencies. The Legislature has similarly on several occasions appropriated monies in one bill to pay the salaries of the "state officers''. One example of this latter type of appropriation is significant in that it was approved December 20, 1907, the year of the adoption of the constitutional provisions to which you refer. See Laws 1907, p. 26. We do not view Senate Bill 53 as "the general appropriation bill" referred to in Sections 56 and 57 of Article V. The Legislature consistently enacted a general appropriation bill making appropriations for the basic expenses of executive, legislative and judicial departments of the State at each regular session of the Legislature until 1953. Since 1953, the basic appropriations to the various departments have been by separate bills, and we do not view Senate Bill 53 which provides for supplemental appropriations to various agencies as the "general appropriation bill" as is used in the above-quoted constitutional provisions. The question resolves itself, therefore, to whether Senate Bill 53 is unconstitutional as containing more than one subject. The courts of this State have interpreted very broadly what constitutes one subject within the meaning of the State Constitution. In National Mutual Casualty Co. v. Briscoe,188 Okl. 440, 109 P.2d 1088 (1941), it is stated: "The term 'subject' as used in these provisions, is to be given a broad and extended meaning, so as to allow the Legislature full scope to include in one act all matters having a logical or natural connection . . . To constitute duplicity of subject, an act must embrace two or more dissimilar and discordant subjects, that by no fair intendment can be considered as having any legitimate connection with or relation to the other." In the area of appropriations, the case of Rupe v. Shaw, Okl., 286 P.2d 1094
(1955), upheld the validity of a bill as having but one subject which contained appropriations to both the Oklahoma Planning and Resources Board and the State Game and Fish Commission. Two other cases upheld the validity of acts making appropriations to more than one officer or agency. In Bryan v. Menefee, 21 Okl. 1, 97 P. 471 (1908), the Supreme Court upheld an act which made appropriations "to pay the salary of state officers". In State ex rel. Murray v. Carter, 167 Okl. 473, 30 P.2d 700 (1934), the Supreme Court upheld an act making appropriations for "all state educational, eleemosynary and penal institutions". In the appropriation in Carter, the Court expressly held that the appropriation was not the general appropriation bill. While neither Menefee nor Carter dealt directly with the one subject question, it is apparent, as concluded in a memorandum of this office dated January 31, 1957, that in each instance the Court "necessarily held" that each bill embraced but one subject. In the case of a supplemental appropriation bill to various state agencies, the construction by the Legislature of the constitutionality of such bills as containing but one subject is clear following adoption of the applicable constitutional provisions. See Laws 1909, p. 33, Laws 1911, p. 303, Laws 1913, p. 659, Laws 1915, p. 440 and similar bills in subsequent legislative sessions with certain exceptions up to the present time. There has apparently never been a challenge to the validity of such bills. The applicable rule is stated in 16 C.d.S. Constitutional Law, 34: "The courts will give great weight to a contemporaneous uniform legislative or executive construction of constitutional provisions, adopted and acted on with acquiescence of the people for many years, and, where not manifestly erroneous, it will not be disturbed." The above rule was followed by the Supreme Court of Oklahoma in Leininger v. Ward-Beckman and Brooks, Inc., 139 Okl. 292, 282 P. 467 (1929), wherein it is stated: "The construction placed on statutes or constitutional provisions by officers in the discharge of their duties, either at or near the time of enactment, which has been long acquiesced in is a just medium for their judicial interpretation." The consistent legislative construction of a supplemental appropriation bill to various state agencies as embracing but one subject is clearly traceable to the legislative sessions following adoption of the State Constitution and has been acquiesced in up to the present time. Under the applicable rule stated above, when considered along with the broad view our Court has taken of the concept of one subject, particularly in the area of appropriation matters, as well as the rule that legislative acts are presumptively valid and should be upheld where there is merely doubt as to their validity, we are unable to conclude that the act in question should be declared unconstitutional. As stated in Ex parte Lee, 88 Okl. Cr. 386, 203 P.2d 270 (1949): ". . . Objections could be grave, and conflicts in terms of statutes should be plain before the judiciary should declare the act unconstitutional, and where there is doubt as to the constitutionality it should be sustained." The validity of Senate Bill 53 is made particularly questionable as compared with prior supplemental appropriation measures in that the bill also amends certain permanent statutes relating to the court system along with making appropriations. In this regard, Rupe v. Shaw, supra, cited with approval the case of Hill v. Rae,52 Mont. 378, 158 P. 826, which upheld as embracing one subject a bill which both created an agency and made appropriations thereto. The implication is clear that enacting permanent legislation and appropriating money in the same bill does not per se render the bill invalid as embracing a plurality of subJects. The permanent statutes amended by Senate Bill 53 all relate directly or indirectly to the sums to be deposited in the State Judicial Fund. Section 5 of the act appropriated $1,403,705 "to compensate for a deficiency in the availability of the Judicial Fund as appropriated for operations during fiscal year ending June 30, 1975." In a broad sense, the amendments served to "appropriate" additional sums to the State Judicial Fund. The term appropriation has been defined in such a broad sense in upholding statutes which "earmark" a fund for certain specified purposes. In Edwards v. Childers, 120 Okl. 158,228 P. 472 (1924), the term was defined as follows: "The 'appropriation of money' is the setting it apart formally or officially for a special use or purpose, and, where this is done by the Legislature in clear and unequivocal terms in a duly enacted law, it is an 'appropriation.' " The amendatory sections of Senate Bill 53 were apparently intended to provide additional sums to the State Judicial Fund which together with the appropriation of Section 5 of the act would meet the financial crisis caused by the unavailability of sufficient funds under existing law. Such intent is within the traditional scope of supplemental appropriation bills designed to meet the current financial needs of various agencies where current appropriations proved inadequate. This opinion should not, however, be viewed as sanctioning the future unbridled inclusion in the supplemental appropriation bill of permanent legislation. It is only where the various parts of a bill have a legitimate or natural connection with or relation to each other in "popular signification" that the one subject standard is met. Rupe v. Shaw, supra. It is, therefore, the opinion of the Attorney General that your question be answered in the negative. Senate Bill 53 of the First Session, Thirty fifth Legislature is not unconstitutional under Sections Article V, Section 56 and Article V, Section 57 of the Oklahoma Constitution. (Joe C. Lockhart)