**OLIVER v. STATE ex rel. STATE BOARD OF MEDICAL EXAMINERS et al.**

No. 16157—Opinion Filed Nov. 23, 1926.

(Syllabus.)

1. **Physicians and Surgeons—State Board of Medical Advisers—Inadequate Procedure for Appeal from Decisions.**

Section 33 of chapter 59, Session Laws 1923, grants the right of appeal from certain orders of the State Board of Medical Examiners, but does not define the procedure for perfecting such appeal.

2. **Certiorari—When Writ Granted—Inadequate Remedy by Appeal.**

The writ of certiorari is not a writ of right and is to be granted or not in the exercise of sound judicial discretion, and then only in cases where no complete and adequate remedy by appeal lies and where the injury cannot otherwise be corrected.

3. **Same.**

The general rule is that the writ of certiorari will lie when there is no adequate remedy by appeal or otherwise.

4. **Same—Writ Proper to Secure Review of Decision of Board of Medical Examiners et al.**

Since there was no statutory procedure or method of perfecting appeals from orders of the State Board of Medical Examiners to the superior court at the time the instant proceedings were had before said board. a writ of certiorari and an order of the superior court made on petition of the respondent to certify the entire record of such proceedings before said board to said court was not objectionable on the ground that the statutes provide for an appeal and trial de novo, such remedy by appeal not being adequate and complete.

Appeal from Superior Court, Pottawatomie County; Leander G. Pitman. Judge.

Certiorari by Paul M. Oliver against the State ex rel. State Board of Medical Examiners et al. Writ dismissed, and plaintiff appeals. Reversed.

F. H. Reily, for plaintiff in error.

George F. Short, Atty Gen., for defendants in error.

MASON, J. The plaintiff in error, a duly licensed physician and surgeon, was informed against, by the State Board of Medical Examiners, upon a charge of being guilty of unprofessional conduct. He was thereafter duly cited to answer the complaint, and did answer the same, denying specifically the acts complained of. Thereafter, said board heard the complaint and evidence was introduced, after which the board found against the respondent and ordered that his license as a physician be revoked. The respondent gave notice of appeal to the superior court of Pottawatomie county, and also gave notice that he would apply to said court for a writ of certiorari and an order requiring said board to certify all of the records of said proceedings to said superior court. Within three days thereafter, the respondent filed his petition in the superior court of Pottawatomie county, where one of the members of said board resided, and the court issued its writ of certiorari and ordered said board to certify the entire record to said court. The Attorney General, on behalf of said board, then moved to dismiss said writ and order for the reason that the statutes provide proper and adequate remedy by appeal and that. therefore, the writ and order were improperly issued and made. The trial court sustained said motion and dismissed the proceeding pending in the superior court, to reverse which this appeal is prosecuted.

The sole question presented is, Did the superior court commit error in dismissing the writ and vacating said order?

Section 23 of chapter 59, Session Laws 1923, provides:

"The State Board of Medical Examiners may suspend or revoke the license or certificate of any physician or surgeon holding license or certificate to practice in the state of Oklahoma for unprofessional conduct. * * *"

And section 33 of the same chapter provides:

"Any person who has been aggrieved by any act, rule or regulation of said board shall have his right to have such issue tried de novo in the district or superior court of the county in which some member of the board shall reside. * * *"

It is the contention of the Attorney General that, since the statutes provide for an appeal to the district or superior court and also provide for a trial de novo in such court, the superior court had no jurisdiction or authority to issue the writ of certiorari.

We are not unmindful of the well-established rule that the writ of certiorari ordinarily is not a writ of right and is to be granted or not in the exercise of sound judicial discretion, and then only in cases where no adequate remedy by appeal or proceedings in error lies and where the injury cannot otherwise be corrected.

It is to be observed that, although the act above quoted provides for an appeal and trial de novo, yet no procedure or method of perfecting said appeal is provided for. The uncertainty of this statute is no doubt

responsible for the fact that the respondent gave both notice of appeal and notice of his intention to apply for a writ of certiorari. It is quite evident that he desired to have the matter heard de novo in the superior court, as he was entitled to, and, because of the inadequacy of the statute, was fearful of taking one horn of the dilemma lest the Medical Board take the other.

It is not the province of this court to lay down the rules or formality governing an appeal in such cases, but it is proper for this court to say that he was entitled to a trial de novo before being deprived of the benefits of his life's profession. The methods of appeal from the various boards, commissions, and courts are many and varied and, inasmuch as no procedure had been laid down for such an appeal as the respondent desired, it was impossible for him to know which method to pursue. It may be that the giving of the notice of appeal to the board would have been sufficient for it to certify the case and the record to the superior court. And it may be that the superior court and this court would refuse to resort to technicalities and would refuse to place difficulties or stumbling blocks in the way of a person wanting such an appeal. and say that the mere giving of such notice, in the absence of statutory provisions, is sufficient. The fact remains, however, that the lack of procedure or method of appeal, in effect at least, was tantamount to a lack of appeal.

The general rule is that the writ of certiorari will lie when there is no adequate remedy by appeal or otherwise. 11 Corpus Juris, 100.

The plaintiff in error was entitled to have the matter heard de novo in the superior court. This has not been done. In our opinion, the appeal provided for by the act under consideration was not adequate and complete and, therefore, certiorari was the proper procedure for bringing the record of said board to the superior court. We must conclude that the trial court abused its discretion in dismissing the writ and vacating its order to the Medical Board to certify its records to said court. It may be that the Medical Board has certified the entire record to the superior court by reason of the verbal notice of appeal given by the respondent. In that case, the writ would be useless, but the trial court should proceed with a hearing of the case on its merits.

The judgment of the trial court is reversed for further proceedings not inconsistent with the views herein expressed.

NICHOLSON, C. J., BRANSON. V. C. J., and LESTER, HUNT, CLARK, and RILEY, JJ., concur. PHELPS, J., dissents.

Note.—See under (1) 30 Cyc. p. 1558. (2) 11 C. J. p. 111, §53; p. 113, §57; p. 128, §78; 5 R. C. L. p. 254, 1 R. C. L. Supp. p. 1347; 4 R. C. L. Supp. p. 319. (3) 11 C. J. p. 100, §25; 5 R. C. L. p. 253; 1 R. C. L. Supp. p. 1345: 4 R. C. L. Supp. p. 319. (4) 11 C. J. p. 100, §25; p. 116, §58.