## DAVIS v. STATE BOARD OF MEDICAL EXAMINERS.

No. 27645.    Dec. 7, 1937.

H. J. Mackey, for petitioner.

Mac Q. Williamson, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for respondent.

WELCH, J. This proceeding originated before the State Board of Medical Examiners upon the sworn complaint of Dr. A. B. Chase, Councilor of the 4th District of the Oklahoma State Medical Association, seeking to revoke the license to practice medicine of Dr. Alonzo B. C. Davis. The ground alleged is that in 1923 Dr. Davis was sentenced to life imprisonment for murder, being a felony involving moral turpitude, and that the sentence is final, but that in 1934 he was paroled from the State Penitentiary at McAlester, and is now practicing medicine in this state with possession of an unrevoked license. A citation was issued over the signature of the secretary of the board and duly served on Dr. Davis, who thereafter filed an answer. On issues thus joined, the complaint came on for hearing before the board, and by agreement Davis withdrew his answer, filed a demurrer raising jurisdictional questions, which was overruled and exceptions taken, and then refiled the answer. The Attorney General represented the prosecution, and after showing that the conviction and sentence of life imprisonment had been affirmed by the Criminal Court of Appeals (Davis v. State [1925] 30 Okla. Cr. 61, 234 P. 787), announced "state rests."

Dr. Davis then moved that the board "direct judgment in his favor and that his license be not revoked or canceled" on the ground set out in the demurrer and for the insufficiency of the evidence, which motion was overruled by the board. He then took the witness stand, and, after admitting that he had been convicted of murder as charged in the complaint, attempted to testify as to the impropriety of the conviction, but, upon objection, was not permitted to pursue this line of testimony. No further testimony was offered, whereupon, after a brief executive session of the board, the decision was announced by the president in effect that the board had unanimously voted that the license of Dr. Davis be revoked.

From that decision Dr. Davis prosecutes this appeal.

It is contended by Dr. Davis that the board has no jurisdiction to revoke his license for the reason that the amendment to section 33, chap. 59, S. L. 1923, by section 6, chap. 63, S. L. 1925, is invalid because the title of the 1925 act does not expressly refer to section 33 of the 1923 act. Also, in this connection, it is contended that the amendments to section 4631 and 4656, O. S. 1931, by sections 1 and 2, article 7, chapter 24, S. L. 1935, are invalid because the title of the 1935 act does not mention the contents of the 1931 sections.

The title of the 1925 amendment is as follows:

"An act amending sections 1, 2, 8, 18, and

29 of chapter 59, Session Laws, 1923, relating to the creation of a State Board of Medical Examiners, their functions, duties, appeals, etc., and declaring an emergency."

Although this act refers to all sections amended except section 33, yet we think the reference to the "functions, duties, appeals, etc.," of the Medical Board in the title is sufficient to satisfy the requirements of section 57, article 5, of our Constitution. See In re County Com'rs of Counties Comprising Seventh Judicial District, 22 Okla. 435, 98 P. 557, for purpose of this constitutional provision.

The title to the 1935 amendment is as follows:

"An act amending sections 4631 and 4656, Oklahoma Statutes (sic) 1931, relating to the practice of medicine 'and surgery in the state of Oklahoma; and declaring an emergency."

This act is therefore entitled in general as an act amending certain sections of the Code, and the subject-matter of the amendment is clearly germane to the sections amended. Such being the case, the title is sufficient under authority of Protest of Chicago, R. I. & P. Ry. Co. (1933) 162 Okla. 68, 19 P. (2d) 152.

In article 7 of chapter 24 it is provided that appeals from decisions of the Board of Medical Examiners in such matters "shall be taken to the Supreme Court of this state." This amended and repealed former provisions authorizing appeals to other courts. No time nor specific method for appeal is prescribed. In such a situation we deem it our duty to conclude that a general review of the board's decision by this court upon the record of the board's proceedings was intended by the Legislature. The statute provides the manner in which such a proceeding may originate before the board; and the character of notice required to be given (section 4646, O. S. 1931); and for the service of citations and subpoenas and for compulsory attendance of witnesses (section 4647, O. S. 1931); and that the board shall sit as a trial body and make its rulings in the manner specified; and that "the secretary shall preserve a record of all proceedings in such hearing, and shall furnish a transcript thereof to the defendant upon request therefor, provided the said defendant shall pay the exact cost of preparing such transcript." (Section 4648, O. S. 1931.)

And if these duties are properly performed, it would seem that a record of the proceedings of the board so kept and properly and promptly presented in this court would sufficiently exhibit the entire matter to this court to enable this court to fairly review the proceedings and thus accord the right of appeal intended by the statute.

This court has not been called upon to prescribe any rules governing such appeals and no such rules have been promulgated. In the absence of any statute or rules prescribing the exact procedure, we conclude that any method is sufficient which promptly presents to this court a complete record of the pleadings, evidence, and proceedings before the board, together with written request for review setting out the specific errors complained of.

In this case such a complete record properly certified was promptly filed in this court, together with such written request for review, setting out the specific errors complained of. Although the original complaint filed herein by Dr. Davis was styled a petition for writ of certiorari, it in effect sought an order of this court permitting or directing the filing of the transcript of the proceedings of the board, and expressly sought a review thereof as to the asserted errors. While it is true that in pure "certiorari," where no appeal or proceeding in error lies, errors of jurisdiction alone may be presented and considered (In re Benedictine Fathers, 45 Okla. 358, 145 P. 494), yet we are satisfied that the review intended by the Legislature in such matters as the case at bar is not merely a review for jurisdictional defects only.

In Freeman v. State Board of Examiners, 54 Okla. 531, 154 P. 56, we considered a proceeding originating before the same board to revoke the license of a practicing physician. At that time the provision as to appeal from the board authorized the same to the district court, without any specific provision for method of appeal. There likewise the matter was called to the attention of the district court by a petition in the nature of a petition for writ of certiorari, and it appears the writ was issued for the purpose of bringing up the record. But thereafter the entire cause was retried in the district court and the action of the district court was in no sense restricted to a review of jurisdictional errors only as in pure "certiorari" review where no appeal lies. Thus in that case the right of review was recognized and fully accorded, although the statute did not provide either

the time or method for appeal. And upon appeal of that cause from the district court to this court a further complete review was accorded, including a review of the evidence which this court held to be sufficient to sustain the judgment revoking the license.

In Oliver v. State, 122 Okla. 66, 251 P. 31, a similar proceeding before the same board was involved. The accused physician there desired a review of the board's decision. He presented to the proper superior court a petition styled as for a writ of certiorari and order, requiring the board to certify and send up the record of its proceedings. Such a writ was issued and immediately thereafter quashed and the matter dismissed by court order. This court held such quashing and dismissal was error, and in effect that there was no impropriety in the use of the so-called "writ of certiorari" to bring up the record. We there reversed and remanded the cause to the superior court, with directions to proceed and to accord the accused physician a review and trial which was then authorized by the statute. This court said in that opinion:

"The plaintiff in error was entitled to have the matter heard de novo in the superior court. This has not been done. In our opinion, the appeal provided for by the act under consideration was not adequate and complete, and therefore certiorari was the proper procedure for bringing the record of said board to the superior court. We must conclude that the trial court abused its discretion in dismissing the writ and vacating its order to the medical board to certify its records to said court. It may be that the medical board has certified the entire record to the superior court by reason of the verbal notice of appeal given by the respondent. In that case, the writ would be useless; but the trial court should proceed with a hearing of the case on its merits."

Thus it is apparent in the Oliver Case that, while we recognized the use of the so-called "writ of certiorari," the review should not be restricted to a review for jurisdictional defects only as in pure "certiorari" where no appeal lies, but that, on the contrary, the accused physician should be accorded the complete review and retrial then authorized by the statute.

The statutes do not now provide for or authorize a review of the board's decision by "trial de novo" as formerly, but the statutes do now grant the right of appeal to this court, which intended a general re-view by this court, as we construe the act. And in the absence of any rules or statutes to the contrary, we conclude that the procedure here adopted is sufficient to so present this cause for general review by this court upon the record.

It is next contended that the Board of Medical Examiners was without power or jurisdiction to act on the complaint and citations, because "The State of Oklahoma" was not named as party plaintiff. It is true that neither the complaint nor the citation so named the state, and it is also true that section 4648, O. S. 1931, provides that the state is a proper and necessary party "in the prosecution of all such actions and hearings." and that the Attorney General in person or by deputy is authorized and directed to appear in such hearings. But in this case the Attorney General did so appear and proceed, as it was his duty to do. The statute does not expressly provide that such action or proceeding may be prosecuted only in the name of the state. And we conclude that when the Attorney General appeared and was present during all of the hearing and trial before the board, and fully participated therein in his official capacity representing the state, the statutory requirement was substantially complied with. As we have pointed out, section 4646, O. S. 1931, provides for the filing of a complaint and for the issuance of citations without specifically requiring commencement in the name of the state. Further reasons justifying our present conclusions are stated in the opening paragraphs of the opinion in Freeman v. State, supra, wherein it was expressly held in accord with our present conclusions. If the Legislature had intended that such complaints be prosecuted only in the name of the state, as in the case of criminal prosecution generally, then the Legislature could have so provided, or might yet do so. When this objection is considered as applied to the facts in this cause, it is readily seen to be a matter of form only, and not a matter of material substance. In the absence of other specific statutory provision, we conclude that there was here substantial compliance with the statutory requirements that the state be a party to the proceedings and be represented therein by the Attorney General of the state.

It is also contended that the act under consideration is invalid because it does not provide the method for taking an appeal from the decision of the board. But since we have concluded that the right to appeal may be fully accorded anyway, we find no merit

in this contention. The same or similar enactments were considered valid in the Freeman and Oliver Cases, supra, though likewise without specific provisions as to method of appeal.

Finally our attention is directed to the record of the evidence and to statements made by members of the board immediately after the evidence was closed. At that time the president announced in effect that it had been decided that the license of Dr. Davis should be revoked. That statement seems to have been made upon something in the nature of a casual conference of the board, and one member interposed a remark as to his desire to vote on a lighter sentence. Thereupon, Dr. Davis, through counsel, expressed his desire to poll the members of the board. Thereupon it was suggested by the Attorney General that the more usual and orderly method of procedure would be for the board to go into executive or private session and consider the matter thoroughly and reach its final decision and then publicly announce the same. The board and its president adopted that suggestion, met in executive session, and thereafter announced its final decision to the effect that the license of Dr. Davis be revoked. It may be assumed that the members of this board were not as well accustomed to the formalities of such matters as the Attorney General and the attorney for Dr. Davis. There is nothing in this part of the record or in the entire record to indicate that the final decision was not in fact the unanimous decision of the board, as it was finally stated to be. And the record as to the evidence not only justifies that conclusion, but would not have justified any other decision, for, as pointed out. the conviction of Dr. Davis was not denied. While Dr. Davis offered some evidence designed to show the impropriety of his conviction, it evidently was the view of the board that such an inquiry was foreclosed by the prior conviction in the district court, and its affirmance in the Criminal Court of Appeals, and that view we must affirm. As pointed out, no further testimony or evidence was offered, and it is therefore apparent that the decision of the board is fully supported by the evidence. We conclude there is nothing in the record tending to invalidate or in any manner discredit the final decision of the board.

Therefore, the decision of the board revoking the license of Dr. Davis is in all things affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS, CORN, and DAVISON, JJ., concur.

RILEY, J., concurs in conclusion. HURST, J., concurs in conclusion but dissents as to the reasoning. GIBSON, J., dissents.