CHOATE v. STATE.

No. 34388.    June 12, 1951.

*232 P. 2d 634.*

Samuel A. Boorstin and Reuben M. Ginsberg, Tulsa, for plaintiff in error.

B. E. Harkey, Oklahoma City, and Mac Q. Williamson, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for defendant in error.

LUTTRELL, V.C.J. This is an appeal by William G. Choate, a practicing physician in the city of Tulsa, from the action of the State Board of Medical Examiners, revoking his license to practice his profession in this state because of unprofessional conduct.

The various classes of unprofessional conduct for which the license of a practicing physician may be revoked or suspended are set out in 59 O.S. 1941 §509. The particular ground upon which the defendant's license was revoked was the 8th, which reads as follows:

"Eighth. All advertising of medical business in which statements are made which are grossly untrue or improbable, and calculated to mislead the public."

The advertisement upon which the charge against the doctor was based, and which the Board of Medical Examiners found justified the revocation of his license, reads as follows:

"Oklahoma Medical Clinic
"Room 305-06-07-08
"Mayo Building, Fifth and Main

"Complete Examinations including Fluoroscopic of the Respiratory System, Mouth, Throat, Sinuses, Heart, Spinal and Nervous System, Abdomen, Kidneys, Pelvis and Rectum, Blood Pressure and Urinalysis test.

"Hemorrhoids (Piles) Treated Tonsils Removed.

"Graduate Nurse in Attendance
"W. G. CHOATE, M. D. Phone 5-3494."

Other charges were made against the doctor in the complaint filed with the Board, but he was exonerated on these charges and his license was revoked solely for the reason that the Board found that the above advertisement was violative of the 8th subdivision of section 509, above set forth.

It was the contention of the complaining party, and evidently the view of the Board of Examiners, that the word "fluoroscopic," as used in the advertisement, applied to the examination of all the organs or portions of the human body specified in the advertisement, except blood pressure and urinalysis tests, while defendant contended that it applied only to examination of the respiratory system, and that it was not intended to apply to the examination of the other organs or portions of the human body specified in the advertisement.

While the defendant in this court makes several contentions, the decisive question presented is, whether the advertisement, giving it the construction contended for by complainant, was such a violation of the 8th subdivision of section 509, set forth above, as to justify the revocation of the doctor's license. The Board of Medical Examiners found that it was, and that the evidence produced before it sufficiently showed that it violated the statute. We do not agree with this contention, as in our judgment the testimony offered was not sufficient to establish a violation of the statute.

The only witness produced on this phase of the case was Dr. Peter Russo, a specialist in the field of radiology. He testified that while the fluoroscope was useful in the examination of some, if not most, or the organs or parts of the body listed in the advertisement, it was of little or no assistance in examining the kidneys, and of no assistance in examination of the mouth. He admitted that the advertisement as shown was in his opinion ambiguous, and that he was unable to determine to what extent it represented that the fluoroscope would be used. He testified that in the examination of some of the other organs or parts of the body listed, such as the spinal and nervous system and the abdomen, the fluoroscope had a limited field. No witness testified that he had been misled by the advertisement, nor did any witness testify that the fluoroscope could not be used in the examination of the various organs, but the whole extent of Dr. Russo's testimony was to establish that its use, as to some of the organs or parts of the body listed, was of no practical value in examining them.

In construing the provisions of section 6905, Revised Laws of 1910, which, among other things, made advertising of medical business, "in which grossly improbable statements are made that are calculated to mislead the public," a ground for the suspension or revocation of a physician's license to practice, this court, in Freeman v. State Board of Medical Examiners, 54 Okla. 531, 154 P. 56, said:

"In construing statutes consideration is always given to the mischief to be corrected and the remedy to be afforded. As we regard this section of our statute, we think that it is not aimed at any unethical practices of physicians as interpreted by the med-

598

ical fraternity, but was aimed to prevent acts on the part of physicians which are universally regarded as immoral and against good conscience, not only by the medical profession, but by laymen as well, and for which under the style of obtaining money under false pretenses our Criminal Code has provided the penalties of the law."

In the instant case, it is to be noted that the advertisement nowhere asserts that the fluoroscopic examination of the various organs mentioned therein is superior to any other form of examination, or gives any assurance of any extraordinary results to be produced thereby, nor did the evidence show that any of the statements were untrue, or that by reason thereof any members of the public had, or probably would be, misled to their injury, and we are unable to say from an inspection of the advertisement that it would necessarily have such effect. While it may be unethical practice from the viewpoint of the medical fraternity, it does not violate the statute under the construction placed thereon in Freeman v. Board of Medical Examiners, supra.

The order or finding of the Board of Medical Examiners revoking the defendant's license is reversed, with directions to set aside the revocation.

WELCH, CORN, GIBSON, DAVISON, HALLEY, JOHNSON, and O'NEAL, JJ., concur.