598 P.2d 225 (1979)
STATE of Oklahoma, ex rel. STATE BOARD OF MEDICAL EXAMINERS, Petitioner,
v.
The Honorable Raymond NAIFEH, Judge of the District Court of Oklahoma County, Respondent.
No. 53615.
Supreme Court of Oklahoma.
July 10, 1979.
Jan Eric Cartwright, Atty. Gen., John Gregory Thomas, Asst. Atty. Gen., Oklahoma City, for petitioner.
James H. Harrod, Edmond, for respondent, David Lee Trent, M.D.

MEMORANDUM OPINION BY ORDER
DOOLIN, Justice:
Upon application and petition to assume original jurisdiction and to prohibit the respondent judge from further proceedings in an attempted appeal of a decision of the Oklahoma Board of Medical Examiners to the District Court of Oklahoma County; jurisdiction assumed, writ granted.
This Court is of the opinion that by virtue of 59 O.S. 1971 § 513 and our holdings thereunder, Davis v. State Board of Medical Examiners, 181 Okl. 385, 74 P.2d 610 (1937) and Choate v. State, 204 Okl. 596, 232 P.2d 634 (1951), all appeals from a decision of the Oklahoma Board of Medical Examiners lie exclusively to the Supreme Court of Oklahoma.
LET THE WRIT ISSUE.
LAVENDER, C.J., IRWIN, V.C.J., and WILLIAMS, HODGES, BARNES and HARGRAVE, JJ., concur.
SIMMS and OPALA, JJ., dissent.
OPALA, Justice, dissenting:
The first-impression issue before us is whether the provisions of 59 O.S. 1971 § 513 afford a constitutionally permissible barrier to a medical practitioner's [physician's] district court appeal for review, on the record, of an order by the Board of Medical Examiners [Board] which placed him on a two year probation for "indiscriminate and excessive" prescribing of controlled dangerous substances. My resolution of this issue must be by a negative answer. Section 513, insofar as it appears to vest in this court, to the exclusion of the district court, reviewing power over the Board's decisions, clearly deprives a physician of due process under Art. 2, § 7, Okl.Con.
The history of § 513 parallels, if not mirrors, this century's growth of our administrative process. Before its last amendment in 1935[1], the section provided for a district *226 court appeal by trial de novo[2]  a procedure which unmistakably coincides with the early post-statehood notion of federal due process. It was then thought that under the minimum standards of federal due process an opportunity for complete retrial of issues, in a judicial forum, must be afforded to one who sought review in court of an administrative decision.[3] It might be hence more than mere coincidence that the 1935 amendment to § 513, which abrogated appeal by trial de novo and shaped the section into its present-day form, became effective a little less than five months after this court had held that a full-blown in-court rehearing of an administrative proceeding was not necessary to meet due process requirements.[4] Most other provisions for de novo review of administrative decisions fell at once with the enactment, in 1963, of our Adm.Proc.Act.[5] That act introduced into our law the now prevailing concept of initial district court review on the record with an appeal right to this court.[6]
Since 1935 persons licensed in medicine as physicians or surgeons have been the only group of health-related practitioners whose disciplinary proceedings are appealable directly to the Supreme Court.
Our due process clause in Art. 2, § 7 has a definitional range that is coextensive with its federal counterpart.[7] The latter [and hence our own] contains a built-in anti-discrimination component which affords protection against unreasonable or unreasoned classifications serving no "important governmental objectives".[8]
The capriciousness of the statutory barrier here in question is thrown sharply into focus by the fact that full benefit of two appeals [first to the district court and thence here], as provided by the Adm.Proc. Act,[9] is available to all persons licensed as healing arts practitioners, and to all those in various health-related public service fields, but under the restrictive provisions of § 513, must be withheld from a single profession.[10]
Policy considerations which led the legislature onto the course of allowing a direct Supreme Court appeal for medical and surgical practitioners are now somewhat obscured by the fog of antiquity. However legal and valid they may have been in 1935, I cannot today isolate a single important governmental objective the discriminatory provisions under consideration before us might legitimately serve, which, when tested by the current standards of due process, would enable § 513 to pass constitutional muster.
I would hold that the regime of judicial review provided by the Adm.Proc. Act is constitutionally available and applicable to practitioners in medicine and surgery.
I am authorized to state that Simms, J., concurs in these views.

*227 APPENDIX

Licensed practitioners of the healing arts and health-related fields [all
statutory citations are to Title 59, Oklahoma Statutes, Professions and
Occupations].
-------------------------------------------------------------------------------------------
 Profession & Regulatory Provisions | Appeals Provisions | Appeals To
-------------------------------------------------------------------------------------------
I. HEALING ARTS  [O.S. 1971 § 701 et seq.]
 1. Chiropody [Podiatry] OAPA seems to govern  no specific Dist. Ct.
 [O.S. 1971] § 136 et seq. appeal provision
 2. Chiropractic [O.S.Supp. 1972] § 164(d) Dist. Ct.
 [O.S. 1971] § 161 et seq. [O.S. 1971] § 164(e)
 Direct appeal
 3. Dentistry & Dental Hygiene [O.S. 1971] § 328.43 Dist. Ct.
 [O.S. 1971] § 328.1 et seq. Direct appeal since 1970
 4. Medicine and Surgery [O.S. 1971] § 513 Sup. Ct.
 [O.S. 1971] § 481 et seq. Direct appeal
 5. Optometry OAPA seems to govern  no specific Dist. Ct.
 [O.S. 1971] § 581 et seq. appeal provision
 6. Osteopathy [O.S.Supp. 1978] § 637 Dist. Ct.
 [O.S. 1971] § 621 et seq. Direct appeal
 7. Physicians Assistant Presumably appellate provisions governed Dist. Ct.
 [O.S.Supp. 1972] § 519 et by OAPA
 seq.
II. HEALTH-RELATED FIELDS
 1. Barbers [O.S. 1971] § 99(a) Dist. Ct.
 [O.S. 1971] § 61 et seq. Direct appeal
 2. Cosmetology OAPA seems to govern  no specific Dist. Ct.
 [O.S.Supp. 1978] § 199.1 appeal provision
 et seq.
 3. Electrology OAPA seems to govern  no specific Dist. Ct.
 [O.S. 1971] § 801 et seq. appeal provision
 4. Embalmers [O.S. 1971] § 396.13 Dist. Ct.
 [O.S.Supp. 1978] § 396 Direct appeal
 et seq.
 5. Hearing Aids [dealers and fitters] [O.S.Supp. 1973] § 1566A  Dist. Ct.
 [O.S.Supp. 1973] § 1551 et seq. license revocation appears to be governed
 specifically by OAPA
 6. Nurses [O.S. 1971] § 567.10 Dist. Ct.
 [O.S. 1971] § 567.1 et seq. Direct appeal
 7. Pharmacy [O.S.Supp. 1971] § 353.26 Dist. Ct.
 [O.S.Supp. 1973] § 353.1 Direct appeal
 et seq.
 8. Physical Therapy OAPA seems to govern  no specific Dist. Ct.
 [O.S. 1971] § 887.1 et seq. appeal provision
 9. Psychology [O.S.Supp. 1974] § 1370(e) Dist. Ct.
 [O.S. 1971] § 1351 et seq. Direct appeal
 10. Sanitarians OAPA seems to govern  no specific Dist. Ct.
 [O.S.Supp. 1975] § 901 appeal provision
 et seq.
 11. Speech Pathology and Audiology [O.S.Supp. 1973] § 1619D. Dist. Ct.
 [O.S.Supp. 1973] § 1601 Direct appeal
 et seq.

*228
 12. Veterinarians [O.S. 1971] § 698.14 Dist. Ct.
 [O.S. 1971] § 698.1 et seq. Direct appeal
 13. Water & Sewage Works [O.S. 1971] § 1111C Dist. Ct.
 [O.S. 1971] § 1101 et seq. Direct appeal

NOTES
[1] O.S.L. 1935, Ch. 24, Art. 7, pgs. 56-57.
[2] Freeman v. State Board of Medical Examiners, 54 Okl. 531, 154 P. 56, 57 [1916]; Oliver v. State, 122 Okl. 66, 251 P. 31 [1926]; Davis v. State Board of Medical Examiners, 181 Okl. 385, 74 P.2d 610, 613 [1937].
[3] In re Initiative Petition No. 23, State Question 38, 35 Okl. 49, 127 P. 862, 863-864 [1912].
[4] This holding is contained in McKeever Drilling Co. v. Egbert, 170 Okl. 259, 40 P.2d 32, 36 [1935]. The 1935 amendment became effective May 13, 1935, O.S.L., Ch. 24, Art. 7, pgs. 56-57.
[5] 75 O.S. 1971 § 301 et seq.
[6] 75 O.S. 1971 §§ 318(2), 321, 323; Abel v. Okla. Real Estate Commission, Okl., 453 P.2d 1007 [1969]; Robbins v. Okla. Alcoholic Beverage Con. Bd., Okl., 461 P.2d 610 [1969]; Trask v. Johnson, Okl., 452 P.2d 575 [1969]; Frank v. Okla. Real Estate Commission, Okl., 512 P.2d 190 [1973]; Baggett v. Webb, Okl., 557 P.2d 433 [1976].
[7] McKeever Drilling Co. v. Egbert, supra note 4, at p. 35.
[8] Davis v. Passman, ___ U.S. ___, 99 S.Ct. 2264, 60 L.Ed.2d 846 [1979]; Boiling v. Sharpe, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 [1954].
[9] APA, 75 O.S. 1971 § 301 et seq.
[10] See Appendix to this opinion for appellate procedure in various health-related and healing arts licensing acts.