**Anastasia CHEHAK, Appellant,**

v.

**OKLAHOMA STATE BOARD OF MEDICAL EXAMINERS,**
**Appellee.**

No. 69340.

Court of Appeals of Oklahoma,
Division No. 2.

March 15, 1988.

Rehearing Denied April 11, 1988.

Certiorari Denied Nov. 15, 1988.

Approved For Publication by Order of the Supreme Court Dec. 1, 1988.

Brian J. Stanley, Reed, Shadid & Pipes, Oklahoma City, for appellant.

Daniel J. Gamino, Daniel J. Gamino & Associates, P.C., Oklahoma City, for appellee.

OPINION

MEANS, Chief Judge.

Anastasia Chehak, a licensed dietician, brought this action in the District Court of Oklahoma County as an appeal from the discipline imposed on her by the Board of Medical Examiners pursuant to the Licensed Dietician Act, 59 O.S.Supp.1987 §§ 1721 through 1739. The District Court granted the Board's motion to dismiss for lack of jurisdiction, based on the statement in *State Board of Medical Examiners v. Naifeh,* 598 P.2d 225 (Okla.1979), that "all appeals from a decision of the Oklahoma Board of Medical Examiners lie exclusively

to the Supreme Court of Oklahoma." The learned trial judge's reliance upon *Naifeh* was overly broad, and we summarily reverse.

The *Naifeh* statement was based on 59 O.S.1971 § 513, which specifically provides that license appeals of physicians and/or surgeons lie exclusively with the Oklahoma Supreme Court. Section 513 does not mention licensed dieticians. Licensure for dieticians was not placed under the Board until five years after the *Naifeh* decision.

Chehak urges that the appellate provisions of the Administrative Procedures Act, found in 75 O.S.1981 § 318, apply. Section 318 provides for appeals to the District Court. We agree.

Section 301 of the A.P.A.[1] applies the provisions of the Act to any state board or agency except where specifically exempted by the Act. Nowhere in the statutes is the State Board of Medical Examiners exempt from provisions of the A.P.A., except under 59 O.S.Supp.1987 § 513, applying solely to licensing appeals of physicians and/or surgeons.

The order sustaining the Board's motion to dismiss is reversed and the case is remanded for further proceedings.

RAPP and STUBBLEFIELD, JJ., concur.

1. Renumbered as 75 O.S.Supp.1987 § 250.3.