**Gerald Michael STEELMAN, M.D., Appellant,**

v.

**OKLAHOMA STATE BOARD OF MEDICAL LICENSURE AND SUPERVISION, Appellee.**

**No. 75935.**

Court of Appeals of Oklahoma, Division No. 1.

Jan. 14, 1992.

Michael L. Loyd, Bethany, for appellant.

Daniel J. Gamino, Oklahoma City, for appellee.

### MEMORANDUM OPINION

GARRETT, Presiding Judge:

Gerald Michael Steelman, M.D. (Steelman) filed a written request with the Oklahoma State Board of Medical Licensure and Supervision (Board) for permission to hold himself out as board certified by the American Board of Bariatric Medicine. The request was made pursuant to Rule 23 of the Board's Rules and Regulations. Rule 23, prolulgated in June, 1989, reads:

> Allopathic physicians in Oklahoma who may lawfully claim to be "board certified" or "certified by" or a "diplomate" or "fellow" are only physicians who have presented to the Oklahoma Board of Medical Licensure and Supervision evidence of successful completion of all requirements for certification by a member board of the organization of American Board of Medical Specialties as listed by the American Medical Association or by any other organization found by the Board to be equivalent thereto.

Steelman had not completed the requirements of a "member board of the organization of American Board of Medical Specialties" (ABMS), but sought to present evidence of the equivalancy thereto.

After hearing the evidence, the Board found that Steelman failed to present sufficient evidence to demonstrate that the cer-

tification by the American Board of Bariatric Medicine was equivalent to the qualifications for Board certification by a member Board of the ABMS.

■ Steelman appeals, asserting the provisions of Rule 23 exceed the administrative authority of the Board and therefore Rule 23 is invalid. We do not agree. The Board was legislatively created in 1923. Provisions governing the Board are now found in 59 O.S.Supp.1988 § 481 et seq. (the Act). Those statutes allow the Board to enact rules and regulations to carry out the purposes of the Act. 59 O.S.Supp.1987 § 489.

■ The Board derives its power from the police power of the State of Oklahoma to protect the public health. *Reeves v. State*, 36 Okl.Cr. 186, 253 P. 510 (1927). As a part of that police power, the Board may inquire into a physician's qualifications in general and, more specifically, whether that physician has fulfilled requirements to be called "board certified".

Steelman presented evidence to the Board that he had attended a three day seminar that qualified as an equivalent of the fulfillment of the requirement of the ABMS. The evidence showed the Seminar contained no patient contact. The Board found this showing was not sufficient to meet the stringent residency and patient contact hours required by the ABMS and therefore Steelman's request was rejected. The Board was within its statutory authority as there was substantial evidence to show Steelman had not met the equivalency standard in Rule 23 which was promulgated to promote public health and safety.

■ Steelman contends he has a federally protected constitutional right to advertise his certification by the American Board of Bariatric Medicine, that this activity is protected by the First Amendment and is entitled to the same commercial speech protections as other professions. Steelman asserts that any ruling to the contrary is violative of his constitutional right to advertise.

It has been held by the U.S. Supreme Court that commercial speech may be regulated. *Virginia State Pharmacy v. Virginia Citizens Consumer Council, Inc.*, 425 U.S. 748, 96 S.Ct. 1817, 48 L.Ed.2d 346 (1976). In a case concerning the legal profession, the United States Supreme Court found that reasonable restrictions on advertising by attorneys was clearly permissible. *Bates v. State Board of Arizona*, 433 U.S. 350, 97 S.Ct. 2691, 53 L.Ed.2d 810 (1977). In *Bates* the Court went on to say:

> For example, advertising claims as to the quality of services—a matter we do not address today—are not susceptible of measurement or verification, accordingly, such claims may be so likely to be misleading as to warrant restriction. At 2709.

Discussing certification procedures of a professional by a State, the U.S. Supreme Court said in the more recent case of *Peel v. Attorney Registration & Disciplinary Commission of Illinois*, 496 U.S. 91, 110 S.Ct. 2281, 110 L.Ed.2d 83 (1990):

> "We do not ignore the possibility that some unscrupulous attorneys may hold themselves out as certified specialists when there is no qualified organization to stand behind that certification. A lawyer's truthful statement that "xyz board" has "certified" him as a "specialist in admiralty law" would not necessarily be entitled to First Amendment protection if the certification was a sham. States can require an attorney who advertises "xyz certification" to demonstrate that such certification is available to all lawyers who meet objective and consistently applied standards relevant to practice in a particular area of law. There has been no showing—indeed no suggestion—that the burden of distinguishing between certifying boards that are bona fide and those that are bogus would be significant or that bar associations and official disciplinary committees cannot police deceptive practices effectively." 496 U.S. at ——, 110 S.Ct. at 2292, 110 L.Ed. at 100.

Therefore, while Steelman is entitled to commercial free speech, the right is not absolute. The Board, as an arm of the

State seeking to protect the public's health and safety may make reasonable restrictions on Steelman's right to advertise himself as "board certified". He may not so advertise himself, when he has not met the reasonable requirements set by the Board to do so.

■ Steelman next contends that he has held himself out as having bariatrics credentials since 1984, and, since Rule 23 was not passed until 1989, it is an ex post facto law in violation of OKLA. CONST. art. 2 § 15.

The Board properly ruled that Steelman may not identify himself to the public as possessing any enhanced or special qualifications, e.g. "board certified", as he has not met the requirements to do so. It has not deprived Steelman of the right to practice medicine or to specialize in bariatrics.

The Board has merely exercised its lawful authority and duty to protect the public health and welfare.

Finally, Steelman contends that the Board's ruling was based on considerations and conclusions outside the scope of Rule 23. We have reviewed the record and find the final order of the Board to have been based on substantial evidence. Therefore it must be affirmed.

AFFIRMED.

BAILEY and ADAMS, JJ., concur.