**J. Dan METCALF, M.D., Appellant,**

v.

**OKLAHOMA BOARD OF MEDICAL LICENSURE and SUPERVISION, Appellee.**

**No. 76387.**

Court of Appeals of Oklahoma, Division No. 3.

Dec. 22, 1992.

J. Lawrence Blankenship, Gladys E. Cherry, Oklahoma City, for appellant.

Daniel J. Gamino, Oklahoma City, for appellee.

## MEMORANDUM OPINION

HUNTER, Judge:

In May, 1990, Appellant wrote a letter to the Oklahoma Board of Medical Licensure and Supervision (Board), requesting Board approval to represent himself as Board Certified in Cosmetic Breast Surgery. Appellant claimed he was Board Certified by the American Society of Cosmetic Breast Surgery, but this board was not a member of the American Board of Medical Specialties (ABMS). Rule XXIII of the Board's Policy, renumbered now as 435:10–7–2, defines who may lawfully claim to be "Board Certified", "Diplomate" or "Fellow"[1]. If not certified by the American Board of Medical Specialties, a physician may present evidence to the Oklahoma Board that his organization's requirements are equivalent to those of the ABMS.

Appellee responded, advising Appellant that the most critical aspect was a personal appearance before Appellee Board to discuss with it his qualifications and what criteria he had met to achieve specialty board certification. Appellee invited Appellant to send in his documents, certificates and so on that he wanted copied and made available to Appellee prior to the meeting. Appellant presented his evidence, including his certificate of fellowship in the American Society of Cosmetic Breast Surgery, letters of recommendation, photos and a videotape of his surgical technique.

Appellee Board determined Appellant's organization's requirements were not equivalent to those of ABMS and denied Appellant the right to use the term "Board

---

**1.** "Use of 'Board Certification' "—Allopathic physicians in Oklahoma who may lawfully claim to be "Board Certified" or "Certified by" or a "Diplomate" or "Fellow" are only physicians who have presented to the Oklahoma Board of Medical Licensure and Supervision evidence of successful completion of all requirements for certification by a member Board of the organization of American Board of Medical Specialties as listed by the American Medical Association, or by any other organization found by the Board to be equivalent thereto.

Certified". During the meeting, the Board had questioned Appellant about his application, including Appellant's lack of residency training in the specialty, the number of surgeries he had performed, results of the procedures so far as wound healing, forum of the procedures, types of anesthetics used, recognition of Appellant's membership in his society, Appellant's lack of surgical training, Appellant's lack of Board Certification in a related field and the requirements for certification by the American Society of Cosmetic Breast Surgeons.

Appellant petitioned for reconsideration and rehearing. After argument, the Board ordered it unlawful for Appellant to use "Board Certified", "Diplomate" or "Fellow" of the American Society of Cosmetic Breast Surgery, but allowed him to represent himself as a member of that society. From that order, Appellant filed for review directly with the Oklahoma Supreme Court.

### Jurisdiction

■■■ Agency actions are subject to judicial review unless there is a statutory prohibition to review or the agency action is committed to agency discretion by law. *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971). Final orders of the Oklahoma Board of Medical Licensure and Supervision are subject to the procedures set forth in the Oklahoma Administrative Procedures Act. *State of Oklahoma v. Bridwell*, 592 P.2d 520 (Okl.1979); 75 O.S. 1981 § 301 *et seq.*, (Renumbered 75 O.S.Supp. 1987 § 250 et seq., as amended). All appeals from a decision of the Oklahoma Board of Medical Examiners lie exclusively to the Supreme Court of Oklahoma. *Board of Medical Examiners v. Naifeh*, 598 P.2d 225 (Okl.1979), *DiMauro v. Oklahoma State Board of Medical Examiners*, 769 P.2d 759 (Okl.1989).

### Standards of Review

■■■ We afford great deference to agency action and will not disturb the order unless it is arbitrary and capricious, that is, not founded on reason. We will also review the decision according to the substantial evidence test if the order was based on a public adjudicatory hearing. *Citizens to Preserve Overton Park, supra,* 91 S.Ct. at 822–823, *DiMauro, supra,* at 762–763. We decide questions of law and do not defer to agency interpretation of the Constitution or the statutes. *Marbury v. Madison,* 5 U.S. (Cranch) 137, 2 L.Ed. 60 (1803).

### Findings on Review

■■■ First Appellant urges that the Board's conclusion that the qualifications for certification by American Society of Cosmetic Breast Surgery were not equivalent to the qualifications required for Board Certification by the ABMS was arbitrary and capricious. Appellant cites no facts to support this proposition. Our review of the record, which reveals relevant and probing questions by Appellee, belies this proposition. We review the evidence, but we do not substitute our judgment. *Board of Examiners of Veterinary Medicine v. Mohr*, 485 P.2d 235 (Okl.1971). Appellant claims that the Board will not be injured if he represents himself as "Fellow" of the American Society of Cosmetic Breast surgery. The Board's duty, however, is to protect the public, not itself, from injury. The Board is authorized through its derived police power to inquire into a physician's qualifications in general and a physician's qualifications to be Board Certified. *Reeves v. State*, 36 Okl.Cr. 186, 253 P. 510 (Okl.1927); *Steelman v. Oklahoma State Board of Licensure and Supervision*, 824 P.2d 1142 (Okl.App.1992). Appellant also claims Appellee abused its discretion when it denied Appellant the right to use the title "Board Certified", "Fellow" or "Diplomate", alleging Appellee lacked authority under its enabling legislation to regulate free expression, citing *Hennessey v. Independent School District No. 4, Lincoln Co.*, 552 P.2d 1141 (Okl.1976). We find *Hennessey* inapposite. Just as Appellee may regulate who may hold themselves out as medical doctors, so may Appellee regulate which physicians may represent themselves as "Board Certified", "Diplomate" or "Fellow". This is not an unfettered power but it is part of their job to protect the public. So long as Appellee's criteria are based on reason, are lawful and not applied arbitrarily or capriciously, its decisions will not be disturbed on appeal.

Next Appellant contends that his status of "Fellow" of his society was a vested property right, which vested before the effective date of Rule 23. He asks us to adopt a holding finding that the Board lacks the authority to divest him of his title because it is the result of applying a rule retroactively. We disagree with this contention. We make no judgment on whether Appellant had a true, vested property right in the title "Fellow". Assuming he did, the Board acted properly because any lawful right Appellant had was subject to the regulation, the purpose of which is to safeguard the public health and welfare, once it was promulgated. *Whetsel v. Wood*, 207 Okl. 193, 248 P.2d 612 (1952). Appellant was permitted to show evidence to convince Appellee that he should be allowed to use the appellation "Board Certified", "Fellow" or "Diplomate". This satisfied procedural due process. Indeed, because Appellant approached the Board and asked for qualification equivalency, his position to this Court is inconsistent with his actions. He would not be complaining about the rule had the Board found his qualifications equivalent.

Lastly, Appellant claims Rule XXIII, now 435:10-7-2, is invalid because it extends beyond the authority found in its enabling legislation. Although Appellant briefs this issue, he failed to raise it below and failed to list it as an issue for review. We will not address an allegation of error not properly preserved for appeal. *Mothershed v. Mothershed*, 701 P.2d 405 (Okl. 1985). In any event, that issue would not be one for review in this instance. The Board, as do most agencies, has rules for people to use who want promulgation, amendment or repeal of a rule or who challenge the applicability of a rule. Rules 435:1-1-6; 435:1-1-9.

AFFIRMED.

HANSEN, V.C.J., and BAILEY, P.J., concur.